UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>JAMIE EDELKIND,   )<br>)<br>defendant.   )<br>) | CRIMINAL NO. 04-cr-10066-MEL |

## JOINT MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The parties jointly move for an order excluding the following time periods from all Speedy Trial Act calculations:

### March 18, 2004 through August 31, 2004

March 18, 2004, is the date on which the defendant first appeared before the Court, at which time he consented to the transfer of this case to the Northern District of Georgia, pursuant to Rule 20 of the Federal Rules of Criminal Procedure. August 31, 2004, is the date of the status conference conducted by this Court following the return of the case from the Northern District of Georgia after defendant elected not to enter a plea of guilty in that court.

The period from March 18 through August 31, 2004, is properly excluded pursuant to 18 U.S.C. §3161(h)(1)(G), which requires the exclusion of all periods of delay "resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure."

### September 1, 2004 through November 1, 2004

The United States has been ordered to report to the Court – not later than November 1, 2004 – with respect to any determination whether to supersede the pending Information (by Indictment or by Information). Among other issues that affect this determination is the currently

uncertain state of the law with respect to whether the government is required to allege sentencing factors in an Indictment.

The period from September 1, 2004, through November 1, 2004, is properly excluded pursuant to 18 U.S.C. §3161(h)(8), in the interests of justice. With respect to the required findings, which must be set forth on the record, the parties jointly submit that the Court's order requires the government to report at a time when, it is anticipated, the Supreme Court may have clarified the presently uncertain state of the law regarding the validity and force of the United States Sentencing Guidelines. In the face of the current legal uncertainty, it would be unfair to force the defendant to determine whether to proceed to trial, and if so, to determine what kind of trial (guilt/innocence or sentencing issues) to demand. The current uncertainty precludes the defendant from making a fully informed choice about his legal options. Accordingly, the interests of justice outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. §3161(h)(8)(A).

Respectfully submitted,

September 14, 2004

| MICHAEL J. SULLIVAN<br>United States Attorney | JAMIE EDELKIND |
|---|---|
| By: _____<br>PAUL G. LEVENSON<br>Assistant U.S. Attorney<br>Moakley United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 | by: _____<br>ROBERT L. SHEKETOFF, ESQ.<br>One McKinley Square<br>Boston, MA 02109<br>(617) 367-3449 |