UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED
IN CLERKS OFFICE*

*2005 FEB 14  P 4: 42*

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| JAMIE EDELKIND, | ) |
| defendant. | ) |

CRIMINAL NO. 04-cr-10066-MEL

*DISTRICT COURT
DISTRICT OF MASS.*

## UNITED STATES' REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the

Court give the following jury instructions, in addition to the Court's customary instructions

common to all criminal cases. The United States reserves the right to supplement, modify, or

withdraw these requested instructions in light of the requests, if any, filed by the defendant and in

light of the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: February 14, 2005

By: _____
KRISTINA E. BARCLAY
PAUL G. LEVENSON
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3371

## CERTIFICATE OF SERVICE

I hereby certify that on this day I will cause a true copy of the above document to be
served by hand upon counsel of record for defendant, addressed as follows:

ROBERT L. SHEKETOFF, ESQ.
One McKinley Square
Boston, MA 02109

February 14, 2005

_____
KRISTINA E. BARCLAY

# CONTENTS

Requested instruction                                                                    page

1     Bank Fraud: Statutory Text . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2     Bank Fraud: Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3     Scheme to Defraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4     False Pretenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5     Success of Scheme Not An Element . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6     Negligence of Lending Institution Not A Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7     Mistake of Law Not A Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

8     Materiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

9     Knowingly . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

10    Proof of Knowledge or Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

11    Federally Insured Status – Defendant's Knowledge Not Required . . . . . . . . . . . . . . . 15

12    Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

13    Punishment Irrelevant to Consideration of Guilt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Requested Forfeiture Instructions                                      page

1    Jury's Duty Regarding Forfeiture  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

2    Government's Burden of Proof Regarding Forfeiture . . . . . . . . . . . . . . . . . . . . . . . . 21

3    Jury May Consider Trial Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

4    Money Judgment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

5    "Proceeds" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

6    Property Which Derived From Proceeds Traceable To A Bank Fraud Violation . . . . . . 25

7    Issues Jury Should Not Consider . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

8    Special Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

9    Unanimous Verdict  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Proposed Special Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

UNITED STATES' REQUESTED INSTRUCTION NO. 1

(Bank Fraud: Statutory Text)

The Defendant is charged with violating the federal bank fraud statute.  That statute provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises

[shall be guilty of a felony].

18 U.S.C. §1344.

4

UNITED STATES' REQUESTED INSTRUCTION NO. 2

(Bank Fraud: Elements of the Offense)

For you to find the Defendant guilty of this crime you must be convinced that the

government has proven each of the following elements beyond a reasonable doubt:

First, either:

> that the defendant executed or attempted to execute a scheme to defraud,
>
> substantially as charged in the indictment;
>
> or
>
> that the defendant made false statements or misrepresentations to obtain money
>
> from a financial institution in question;

Second, that the scheme involved material falsehoods;

Third, that the defendant acted knowingly; and

Fourth, that the financial institution in question was federally insured.

Adapted from Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 ("Bank Fraud") (1998); see United States v. Kenrick, 221 F.3d 19, 30 (1st Cir. 2000); United States v. Brandon, 17 F.3d 409, 424 (1st Cir. 1994). See also Neder v. United States, 527 U.S. 1, 25 (1999) ("[M]ateriality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes.").

## UNITED STATES' REQUESTED INSTRUCTION NO. 3

### (Scheme to Defraud)

As used here, a "scheme or artifice to defraud a financial institution" and an "intent to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive or cheat that financial institution and to obtain something of value, such as money, from the financial institution.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The intent element of bank fraud is an intent to deceive the bank in order to obtain from it money or other property. Intent to harm is not required. To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat another, usually for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. Thus, if the defendant acted in good faith, he cannot be guilty of the crime. However, a defendant does not act in good faith even if he honestly holds a particular opinion or belief and yet, knowingly makes false and fraudulent statements or misrepresentations.

It is not necessary that the government prove each and every one of the details in the information concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone. The government must show, however, that the defendant knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the information.

6

The burden to prove intent, as with all other elements of the crime, rests with the

government.


Adapted from Committee on Pattern Criminal Jury Instructions,  Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 ("Bank Fraud") (1998); United States v. Kenrick, 221 F.3d 19, 29 (1st Cir. 2000); United States v. Gilberg, 75 F.3d 15, 18 (1st Cir. 1996) (affirming jury instruction that "a defendant does not act in good faith even if he honestly holds a particular opinion or belief and yet, knowingly makes false and fraudulent statements or misrepresentations."): United States v. Swanson, 360 F.3d 1155, 1164-65 (8th Cir. 2004).

UNITED STATES' REQUESTED INSTRUCTION NO. 4

(False Pretenses)

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud.  They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

Adapted from Committee on Pattern Criminal Jury Instructions,  Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 ("Bank Fraud") (1998).

8

UNITED STATES' REQUESTED INSTRUCTION NO. 5

(Success of Scheme Not An Element)

The government need not prove that the scheme was successful. Nor is the government required to prove that any financial institution suffered a financial loss. Nor is the government required to prove that the defendant actually secured any financial gain.


Adapted from Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 ("Bank Fraud") (1998);

9

## UNITED STATES' REQUESTED INSTRUCTION NO. 6

### (Negligence of Lending Institution Not A Defense)

You have heard suggestions in this case that lenders who advanced funds acted without due care, whether negligently or even in complicity with a scheme to defraud or obtain money by false pretenses. I instruct you that such negligence or complicity, even if proved, is not a defense to the charges in this case. The complicity of bank insiders and their knowledge or fraud is not a defense to bank fraud and does not absolve the defendant.

See United States v. Parsons, 141 F.3d 386, 391 (1st Cir. 1998) (affirming jury instruction to the effect that "the complicity of bank insiders and their knowledge of a fraud is not a defense to bank fraud and does not absolve the defendant"); United States v. Gilberg, 75 F.3d 15, 18 n.2 (1st Cir. 1996) (citing United States v. Johnson, 585 F.2d 119, 124 (5th Cir. 1978) (referring to the discredited complicity defense).

UNITED STATES' REQUESTED INSTRUCTION NO. 7

(Mistake of Law Not A Defense)

The United States is required to prove each of the elements of the offenses, as I have

instructed you. However, the United States is not required, in any of those elements, to prove

that the defendant was actually familiar with the statutes and laws of the United States. Nor is it

a defense to the charges in this case to point to any misunderstanding or mistake about the law.

To put it another way, if someone deliberately goes close to an area of illegal conduct he

takes the risk that he may cross the line.


Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340 (1952) ("Nor is it unfair to require
that one who deliberately goes perilously close to an area of proscribed conduct shall take the
risk that he may cross the line."); United States v. Baker, 807 F.2d 427, 428-30 (5th Cir. 1986)
(affirming conviction for trafficking based upon intent to traffic rather than specific knowledge
of criminality). See also Horning v. District of Columbia, 254 U.S. 135, 137 (1920) (when a
person "intend[s] not to break the law but only to get as near to the line as he could . . . if the
conduct described crossed the line, the fact that he desired to keep within it will not help him. It
means only that he misconceived the law.") .

UNITED STATES' REQUESTED INSTRUCTION NO. 8

(Materiality)

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision maker to whom it was addressed.

The government is not required to prove that any person or institution actually relied upon a particular false representation or statement. Nor is the government required to prove that any such reliance would have been justifiable.


Adapted from Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 ("Bank Fraud") (1998). See United States v. Kenrick, 221 F.3d 19, 29 (1st Cir. 2000) ("The Supreme Court has said that the common-law elements of justifiable reliance and damages 'plainly have no place in the federal fraud statutes.'") (quoting Neder v. United States, 527 U.S. 1, 20 (1999)); see also United States v. Matousek, 894 F.2d 1012, 1014 (8th Cir.1990) ( "reasonable reliance" by the intended victim is not an element of the offense of bank fraud); United States v. Gilberg, 75 F.3d 15, 18 (1st Cir. 1996) (citing United States v. Norberg, 612 F.2d 1, 4 (1st Cir. 1979)).

UNITED STATES' REQUESTED INSTRUCTION NO. 9

("Knowingly")

As I have told you, one of the elements that the government must prove is that the

defendant acted knowingly.

The word "knowingly," as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

A defendant acts "knowingly" if he was conscious and aware of his actions, realized what

he was doing or what was happening around him, and did not act because of ignorance, mistake

or accident.

It is not part of the United States' burden to prove that the defendant was specifically

familiar with any particular provision of law. As it is sometimes said, "ignorance of the law is

not an excuse."

Nor is it part of the government's burden to prove that he had a corrupt or wicked motive.

That is, the government is not required to prove that the defendant was in the ordinary sense of

the word a man who was wickedly criminal. Men may for perfectly good motives intentionally

violate a statute. But if the statute says that one who violates it knowingly is guilty, his motives

are not relevant.

Adapted from Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First
Circuit, Criminal Cases § 2.13 (definition of "knowingly") & §4.14 (Bank Fraud) (1998); see
also Bryan v. United States, 524 U.S. 184, 196 (1998) ("the willfulness requirement . . . does not
carve out an exception to the traditional rule that ignorance of the law is no excuse; knowledge
that the conduct is unlawful is all that is required."); United States v. Couming, 445 F.2d 555,
556-557 (1st Cir. 1971) (no requirement for government to prove wicked intent).

UNITED STATES' REQUESTED INSTRUCTION NO. 10

(Proof of Knowledge or Intent)

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

Adapted from Committee on Pattern Criminal Jury Instructions,  Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 ("Bank Fraud") (1998);

14

UNITED STATES' REQUESTED INSTRUCTION NO. 11

(Federally Insured Status – Defendant's Knowledge Not Required)

While the government must prove beyond a reasonable doubt that the defendant acted with intent to defraud, the government need not prove that the defendant knew the victim of his scheme was a federally insured financial institution. Nor is the government required to prove that the defendant knew whether any lender was federally insured.

Indeed, the government is not required to prove that the defendant knew which bank or financial institution he was defrauding. The fact that loans may commonly be procured through a loan originator and then sold to the ultimate lender does not diminish a defendant's responsibility if the government proves he acted with intent to defraud.

Adapted from Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 ("Bank Fraud") (1998); United States v. Brandon, 17 F.3d 409, 425 (1st Cir. 1994) (rejecting defendant's contention "that the government must prove that they knew that the victim of their fraud was a federally insured financial institution"); Brandon, 17 F.3d at 426 (holding that " it is . . . unnecessary for the government to prove that a defendant knows which particular bank will be victimized by his fraud as long as it is established that a defendant knows that a financial institution will be defrauded."). .

UNITED STATES' REQUESTED INSTRUCTION NO. 12

(Aiding and Abetting)

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

To "aid and abet" means intentionally to help someone else commit an offense.

Before a defendant may be held responsible for aiding and abetting another in the commission of an offense, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the offense charged and participated in it with the intent to commit that offense.

In order for you to find the defendant guilty of aiding and abetting the commission of any of the offenses charged in the information, the government must prove beyond a reasonable doubt that the defendant:

(1)    knew that the offense charged was to be committed or was being committed,

(2)    knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that offense, and

(3)    acted with the intention of causing the offense charged to be committed.

Before a defendant may be found guilty as an aider or an abettor to the offense, the government must also prove, beyond a reasonable doubt, that someone committed each of the

16

essential elements of the offense charged as detailed for you in my previous instructions.

Merely being present at the scene of the offense or merely knowing that an offense is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that offense. The government must prove that defendant knowingly and deliberately associated himself or herself with the offense in some way as a participant–someone who wanted the offense to be committed–not as a mere spectator.

Adapted from Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, § 4.02 (Aid and Abet) (1998); United States v. Tarr, 589 F.2d 55, 59-60 (1st Cir. 1978).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 13

(Punishment Irrelevant to Consideration of Guilt)

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Adapted from Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Criminal Cases, Instr. No. 8.05 (Punishment) (1991).

18

REQUESTED FORFEITURE JURY INSTRUCTIONS

In the event that the defendant is convicted of any violation charged in the information, and the defendant requests that the forfeitability determination be made by the jury, the government submits the following proposed jury instructions relating to the forfeiture of assets:

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 2

(Government's Burden of Proof Regarding Forfeiture)

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do not apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that the property it seeks to forfeit constitutes or is derived from proceeds traceable to the bank fraud violations of which you have found the defendant guilty. The government is not required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property constitutes or is derived from proceeds traceable to the bank fraud violations, it must prove that it is more likely than not that the property is proceeds traceable to the bank fraud violations or is derived from proceeds traceable to the bank fraud violations. In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property constitutes or is derived from proceeds traceable to the bank fraud violations. Your job is to determine whether it is more likely than not that the property constitutes or is derived from proceeds traceable to the bank fraud violations.

Libretti v. United States, 116 S.Ct. 356, 363 (1995) (§ 853 - criminal forfeiture is part of sentencing); 18 U.S.C. § 982; United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (§ 982 - preponderance); United States v. Voigt, 89 F.3d 1050, 1084 (3d Cir.) (§ 982 - preponderance; RICO - beyond a reasonable doubt); United States v. Myers, 21 F.3d 826, 829 (8th Cir. 1994) (§ 982 and § 853 - preponderance); United States v. Rutgard, 116 F.3d 1270, 1293 (9th Cir. 1997) (§ 982 - preponderance); United States v. Rogers, 102 F.3d 641, 648 (1st Cir. 1996), cert. denied, 118 S.Ct. 203 (1997)(§ 853 - preponderance); South-East Coal Co. v. Consolidation Coal Co., 434 F.2d 767, 778 (6th Cir. 1970) (definition of "preponderance of the evidence").

21

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 3

(Jury May Consider Trial Evidence As Well As
Any Additional Evidence Presented On Forfeiture)

While deliberating, you may consider any evidence offered by the parties at any time

during the trial.

United States v. Sandini, 816 F.2d 869, 873-74 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant); United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

22

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 4

(Money Judgment)

Under federal law, any person who is convicted of bank fraud is required to forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, whether or not that property has been or can be seized by the government. Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that constitutes or is derived from proceeds traceable to the bank fraud violations. Regarding a count for which the government requests a money judgment, it is your duty to determine whether it is more likely than not that the amount that the government asserts constitutes or is derived from proceeds traceable to the bank fraud violations.

Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment against the defendant, the court [or jury] shall determine the amount of money that the defendant will be ordered to pay."); United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999), cert. denied, 120 S.Ct. 1559 (2000) (§ 853 - criminal forfeiture may take several forms: in personam money judgment for amount of proceeds obtained by defendant, directly forfeitable property, and substitute assets); United States v. Robilotto, 828 F.2d 940, 949 (2d Cir. 1987), cert. denied, 108 S.Ct. 711 (1998) (RICO - court may enter a money judgment for the amount of the illegal proceeds regardless of whether the defendant retained the proceeds); United States v. Amend, 791 F.2d 1120, 1124 (4th Cir.) (§ 853 - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession);

23

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 5

("Proceeds")

The term "proceeds" means property of any kind obtained, directly or indirectly, as the

result of the commission of the offense, and any property traceable thereto, and is not limited to

the net gain or profit realized from the offense.

Property "constitutes" proceeds "traceable to" a bank fraud violation if the property

actually is the proceeds of the violation.


18 U.S.C. § 981(a)(2) ("For purposes of paragraph (1), the term "proceeds" is defined as follows

. . . . )

24

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 6

(Property Which Derived From Property
Traceable To A Bank Fraud Violation)

Property "derived from" proceeds "traceable to" a bank fraud violation is any property

that was, at least in part, purchased, improved, or maintained with property the defendant would

not have had but for the commission of the bank fraud violation.

United States v. Stewart, 185 F.3d 112, 129-30 (3d Cir. 1999) (§ 982 - tainted funds traced into
account which held untainted funds were forfeitable as "involved in" and "traceable to" money
laundering); United States v. Voigt, 89 F.3d 1050, 1084-87 (3d Cir.), cert. denied, 117 S.Ct. 623
(1996) (§ 982 and RICO - "We hold that the term 'traceable to' means exactly what is says",
suggesting that untainted property commingled with tainted property be forfeited as substitute
assets).

25

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 7

(Issues Jury Should Not Consider)

What happens to any property that is declared forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether property constitutes or is derived from proceeds traceable to the bank fraud violation(s) which you have found the defendant committed.

Similarly, you are not to consider whether the property is presently available. That matter also will be considered solely by the court in imposing sentence.

26

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 8

(Special Verdict Form)

The special verdict form lists the property which the government asserts constitutes or is derived from proceeds traceable to each bank fraud violation.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO". The foreperson must then sign and date the special verdict forms.

You will see that the special verdict form asks you to consider separately whether certain properties are subject to forfeiture on more than one basis. Even if you find that any given property is in fact subject to forfeiture for more than one reason, that does not mean that the government will receive forfeited property twice. It is important, however, that you indicate on the special verdict form all bases on which you find any given property subject to forfeiture. Any issue of double-counting will be considered by the court in imposing sentence.

GOVERNMENT'S REQUESTED FORFEITURE INSTRUCTION NO. 9

(Unanimous Verdict)

You must reach a unanimous verdict as to each question on each special verdict form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict

form.

GOVERNMENT'S PROPOSED SPECIAL VERDICT FORM

COUNT ONE [Bank Fraud]

We, the jury, unanimously find by a preponderance of the evidence that the real property and buildings located at 940 Nantasket Avenue, Hull, Massachusetts, having a deed recorded at the Plymouth County Registry of Deeds, Book 19257, Page 118 constitutes or is derived from proceeds traceable to the bank fraud violation.

YES _____

NO _____

COUNT TWO [Bank Fraud]

We, the jury, unanimously find by a preponderance of the evidence that the real property and buildings located at 940 Nantasket Avenue, Hull, Massachusetts, having a deed recorded at the Plymouth County Registry of Deeds, Book 19257, Page 118 constitutes or is derived from proceeds traceable to the bank fraud violation.

YES _____

NO _____

COUNT THREE[Bank Fraud]

We, the jury, unanimously find by a preponderance of the evidence that the real property and buildings located at 940 Nantasket Avenue, Hull, Massachusetts, having a deed recorded at the Plymouth County Registry of Deeds, Book 19257, Page 118 constitutes or is derived from proceeds traceable to the bank fraud violation.

YES _____

NO _____

29

COUNT FOUR [Bank Fraud]

We, the jury, unanimously find by a preponderance of the evidence that the real property and buildings located at 940 Nantasket Avenue, Hull, Massachusetts, having a deed recorded at the Plymouth County Registry of Deeds, Book 19257, Page 118 constitutes or is derived from proceeds traceable to the bank fraud violation.

YES _____

NO _____

We, the jury, unanimously find by a preponderance of the evidence that Sovereign Bank Official Check number 4294126, in the amount of $569,878.93, and Check number 22730, in the amount of $18,926.80, drawn on JPMorgan Chase Bank account held in the name of Fairmont Funding LTD, made payable to Linda Edelkind and dated September 27, 2004, constitute or are derived from proceeds traceable to the bank fraud violation.

YES _____

NO _____

Foreperson sign and date the completed verdict form.

_____              _____

Foreperson                                          Date

Fed.R.Crim.P. 32.2(b)(1) (court or jury shall "determine whether the government has established the requisite nexus between the property and the offense"); United States v. Sokolow, 91 F.3d 396, 414-15 (3d Cir. 1996) (jury must determine only if there was nexus between property and offense).