UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                      )<br>)<br>JAMIE EDELKIND,              )<br>)<br>      defendant.             )  | Criminal No. 04-10066-001-MEL |

**GOVERNMENT'S MOTION TO STRIKE**
***PRO SE* MOTION FOR CONTINUANCE OF TRIAL DATE**

Defendant Jamie Edelkind has submitted a document, pro se, dated February 17, 2005, captioned, "Motion for Continuance of Trial Date." The government respectfully moves this Court to strike said motion or, in the alternative, to permit the government to respond only in the event the Court deems a response necessary and so notifies the government. As grounds therefor, and as more fully set forth below, the government states that the defendant is and has been represented by counsel throughout the pendency of this case, and that accordingly he should be precluded from filing motions on his own behalf.

ARGUMENT

While it is well-established that a criminal defendant has a constitutional right to represent himself, Faretta v. California, 422 U.S. 806 (1975), there is no similar right to hybrid representation. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Campbell, 61 F.3d 976, 981 (1st Cir. 1995), cert. denied, 116 S.Ct. 1556 (1996). As the First Circuit has observed:

> "[H]ybrid representation," by counsel and the defendant, "is to be employed sparingly and, as a rule, is available only in the district court's discretion."

United States v. Chorney, 63 F.3d 78, 80 (1st Cir. 1995), citing United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989), cert. denied, 494 U.S. 1005 (1990)(emphasis added).

This is not one of those rare cases in which the Court's discretion should be exercised in favor of permitting the defendant both to enjoy the benefits of counsel[1] and to submit pro se motions to boot.  Trial in this matter has already been continued once, and the government has established a trial schedule, including travel arrangements for a number out of state witnesses, around the February 28, 2005 trial date.  In any event, having chosen to avail himself of the services of counsel, the defendant has no right to submit a motion himself, and accordingly this Court should strike it.

CONCLUSION

For the foregoing reasons, the Court should strike the defendant's pro se motion or, in the alternative, should permit the government to respond to said motion only in the event the Court deems a response necessary and so notifies the government.

|  |  |
|---|---|
|  | Respectfully submitted,<br>MICHAEL J. SULLIVAN<br>United States Attorney |
|  | By:   /s/ Kristina E. Barclay<br>         KRISTINA E. BARCLAY<br>         Assistant U.S. Attorney<br>         United States Courthouse<br>         One Courthouse Way<br>         Suite 9200<br>         Boston, Massachusetts 02210<br>         (617) 748-3371 |
| Dated: February 22, 2005 |  |

**LOCAL RULE 7.1(A) CERTIFICATION**

I hereby certify that, prior to filing this Motion, I made a good faith effort to confer, with counsel for Defendant Jamie Edelkind, as required by Local Rule 7.1(a).

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

---

[1] The Defendant is represented by Robert L. Sheketoff, Esq.

2

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the above document was served upon the attorney of record, Robert L. Sheketoff, 1 McKinley Square, Boston, MA 02109, by hand, on February 22, 2005.

        /s/ Kristina E. Barclay
        KRISTINA E. BARCLAY
        Assistant U.S. Attorney