UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 FEB 25  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04-10066-MEL |
| ) | VIOLATIONS: |
| v.                         ) | |
| ) | 18 U.S.C. § 1344 (Bank Fraud) (4 Counts) |
| JAMIE EDELKIND,             ) | 18 U.S.C. § 2 (Aiding and Abetting) |
| ) | 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) (Criminal |
| Defendant.        ) | Forfeiture) |
| ) | |

## SECOND SUPERSEDING INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

1.    At times material to this Information, defendant JAMIE EDELKIND resided at Hull, in the District of Massachusetts.

### The Financial Institutions

2.    At all times material to this Information, South Shore Savings Bank was a financial institution as defined in Title 18, United States Code, Section 20.

3.    At all times material to this Information, Wells Fargo Bank, N.A. was a financial institution as defined in Title 18, United States Code, Section 20.

4.    At all times material to this Information, Washington Mutual Bank, F.A. was a financial institution as defined in Title 18, United States Code, Section 20.

5.    At all times material to this Information, Lehman Brothers Bank, FSB was a financial institution as defined in Title 18, United States Code, Section 20.

6.    At all times material to this Information, America's Moneyline, Inc. was the retail branch of Saxon Capital, Inc., a private non-bank mortgage lender, which maintained a place of business in Glen Allen, Virginia.

7.    At all times material to this Information, Household Finance Corporation was a private non-bank mortgage lender, which maintained a place of business at Braintree, Massachusetts.

8. At all times material to this Information, Countrywide Home Loans, Inc. was a private non-bank mortgage lender, which maintained a place of business at Calabasas, California.

9. At all times material to this Information, Fairmont Funding, Ltd. was a private mortgage broker and lender, which maintained a place of business at New York, New York.

### The Fraud Schemes

10. As detailed below, between in or about August 2000 and in or about August 2004, Jamie Edelkind executed a series of schemes to defraud financial institutions and other mortgage lenders.

11. The purpose of the schemes was to obtain mortgage financing for the purchase and renovation of a luxury residence located at 940 Nantasket Avenue, Hull, Massachusetts, and subsequently to obtain mortgage refinancing and equity credit lines that were used for renovation and personal expenses.

12. The primary means by which Jamie Edelkind accomplished the frauds was to submit a variety of forged and fraudulent documents in support of loan applications in the name of his wife, Linda Edelkind (nee Lien)  which falsely represented her income and assets.

13. By using falsified documents in Linda Edelkind's name, Jamie Edelkind avoided disclosing that he had filed for bankruptcy, most recently on or about October 21, 1999, and previously on or about April 3, 1991.  Jamie Edelkind's bankruptcy petition was pending from October 21, 1999 through October 2003.

14. Although Jamie Edelkind submitted different (and sometimes contradictory) fraudulent information to different lenders at various times, all of the submissions at issue in this Information falsely represented that Linda Edelkind was employed by Apostille, Inc. and received compensation in excess of $200,000 per year from that company.

15. In actuality, as Jamie Edelkind well knew, Linda Edelkind was a full-time homemaker who did not receive any compensation earnings for work outside the home.

16. Apostille, Inc. was a corporate entity that Jamie Edelkind himself had created, which had no significant revenues and did not pay anyone compensation.

17. In connection with some loan applications, Jamie Edelkind submitted forged copies of IRS Form W-2 Wage and Tax Statements for Linda Edelkind, purporting to show compensation paid to Linda Edelkind by Apostille, Inc.

18. In connection with some loan applications, Jamie Edelkind submitted documents which falsely represented that Linda Edelkind owned bank accounts and other assets valued at over $1,000,000.

19. In actuality, as Jamie Edelkind well knew, Linda Edelkind's bank accounts and other assets were valued at a tiny fraction of the amounts reflected in the loan submissions.

### Execution of the Fraud Schemes

I.    America's Moneyline, Inc. (August 2000)

20. In or about August 2000, Jamie Edelkind provided information to America's Moneyline, Inc. in connection with an application for a mortgage loan of $720,000, in the name Linda Edelkind, for the purchase of 940 Nantasket Avenue.

21. In connection with the August 2000 loan application, Jamie Edelkind submitted false information and various forged and fraudulent documents, including the following:

a.    False information showing Linda Edelkind as having been employed by Apostille, Inc. for 7 years. In actuality, Apostille was a corporation that Jamie Edelkind had established in or about 2000.

b.    Letter, dated August 22, 2000, from the putative "Human Resources Manager" of Apostille, Inc., stating that Mrs. Edelkind was employed by Apostille, Inc. as "Technical Marketing Director" with an annual salary of $195,000 plus annual bonuses as high as $22,400.

c.    Forged payment records purporting to reflect bi-weekly salary payments to Linda Edelkind from Apostille, Inc.

d.    Forged and fraudulent 1999 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $214,696.68 to Linda Edelkind by "Trinet Inc. for Apostille, Inc."

3

II.    America's Moneyline, Inc. (September 2000)

22.  In or about September 2000, Jamie Edelkind provided information to America's Moneyline in connection with an application for a mortgage loan of $800,000, in the name Linda Edelkind, for the purchase of 940 Nantasket Avenue.

23.  In connection with the September 2000 loan application, Jamie Edelkind submitted false information and various forged and fraudulent documents, including the following:

    a.    A forged bank statement of The Summit National Bank, showing fabricated copies of putative "rent checks" for Linda Edelkind's previous residence.

    b.    A verification of employment form, dated January 3, 2001, reflecting Linda Edelkind's annual past year "Gross Earnings" from Apostille, Inc. as "$236,000" and "$213,000."

    c.    Forged payment records purporting to reflect bi-weekly salary payments to Linda Edelkind from Apostille, Inc. during September through December 2000.

24.  On or about January 9, 2001, America's Moneyline, Inc. provided mortgage financing in the amount of $800,000, in the name of Linda Edelkind, for the purchase of 940 Nantasket Avenue, Hull, Massachusetts.

III.    America's Moneyline, Inc. (May 2001 and April 2003)

25.  In or about May 2001 and April 2003, Jamie Edelkind provided information to one or more mortgage brokers in connection with applications for mortgage loans. Those applications were submitted to America's Moneyline, Inc.

26.  The April 2003 loan application sought a mortgage loan of $2,500,000, in the name Linda Edelkind, to refinance the Edelkinds' residence at 940 Nantasket Avenue.

27.  Among the false information submitted in connection with the April 2003 loan application were representations that Linda Edelkind had worked at Apostille for seven years, and that she earned $31,250 per month.

4

IV.    South Shore Savings Bank (August 2001)

28.  In or about August 2001, Jamie Edelkind applied to South Shore Savings Bank for a mortgage loan of $1,000,000, in the name Linda Edelkind, to refinance the Edelkinds' residence at 940 Nantasket Avenue, Hull, Massachusetts.

29.  In connection with the application to South Shore Savings Bank, Jamie Edelkind submitted false information and various forged and fraudulent documents, including the following:

a.    Forged and fraudulent payment records purporting to reflect bi-weekly salary payments to Linda Edelkind from Apostille, Inc.

b.    Forged and fraudulent "copy" of U.S. Individual Tax Return (IRS form 1040) for 1999, in the name Linda Edelkind, reflecting "Wages, salaries, tips, etc . . ." of $204,058.

c.    Forged and fraudulent "copy" of U.S. Individual Tax Return (IRS form 1040) for 2000, in the name Linda Edelkind, reflecting "Wages, salaries, tips, etc . . ." of $226,000.

d.    Forged and fraudulent 1999 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $204,058.85 to Linda Edelkind by "Apostille, Inc., POB 130187, 77 Fulton St. ste 3000, Boston, Ma 02109," "Employer's identification number 58-4402763."

e.    Forged and fraudulent 2000 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $226,000 to Linda Edelkind by "Apostille, Inc., POB 130187, 77 Fulton St. ste 3000, Boston, Ma 02109," "Employer's identification number 58-4402763."

30.  On or about September 12, 2001, South Shore Savings Bank provided mortgage financing in the amount of $1,000,000, in the name of Linda Edelkind, for the refinance of 940 Nantasket Avenue, Hull, Massachusetts.

V.    Household Finance Corporation (2002)

31.  In or about April 2002, Jamie Edelkind applied to Household Finance Corporation for a home equity line of credit up to $30,000, in the name Linda Edelkind, to be secured by a mortgage on the Edelkinds' residence at 940 Nantasket Avenue, Hull, Massachusetts.

32.  In connection with the application to Household Finance Corporation, Jamie Edelkind submitted false information and various forged and fraudulent documents, including the following:

a.    Forged and fraudulent payment records purporting to reflect bi-weekly salary payments to Linda Edelkind from Apostille, Inc.

b.    Forged and fraudulent 2000 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $286,350 to Linda Edelkind by "Apostille, Inc., POB 130187, 77 Fulton St. Ste 3000, Boston, Ma 02109," "Employer's identification number 58-4402763."

c.    Forged and fraudulent 2001 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $383,184.13 to Linda Edelkind by "Apostille, Inc., 50 Glover Avenue, Suite 201, Hull, MA 02045," "Employer's identification number 58-4402763."

33.  On or about April 19, 2002, Household Finance Corporation, granted a home equity line of credit, with a limit of $30,000, in the name of Linda Edelkind, secured by the Edelkinds' residence at 940 Nantasket Avenue, Hull, Massachusetts.

VI.    Wells Fargo Bank, N.A. (April 2002)

34.  In or about April 2002, Jamie Edelkind applied to Wells Fargo Bank, N.A. for a home equity line of credit up to $350,000, in the name Linda Edelkind, to be secured by a mortgage on the Edelkinds' residence at 940 Nantasket Avenue, Hull, Massachusetts.

35.  In connection with the April 2002 line of credit application to Wells Fargo Bank, N.A., Jamie Edelkind submitted false information and various forged and fraudulent documents, including the following:

6

a.  Forged and fraudulent payment records purporting to reflect bi-weekly salary payments to Linda Edelkind from Apostille, Inc.

b.  Forged and fraudulent 2000 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $286,350 to Linda Edelkind by "Apostille, Inc., POB 130187, 77 Fulton St. Ste 3000, Boston, Ma 02109," "Employer's identification number 58-4402763."

c.  Forged and fraudulent 2001 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $383,184.13 to Linda Edelkind by "Apostille, Inc., 50 Glover Avenue, Suite 201, Hull, MA 02045," "Employer's identification number 58-4402763."

36.  On or about May 9, 2002, Wells Fargo Bank, N.A., granted a home equity line of credit, with a limit of $350,000, in the name of Linda Edelkind, secured by the Edelkinds' residence at 940 Nantasket Avenue, Hull, Massachusetts.

37.  On or about March 26, 2003, defendant Jamie Edelkind caused his name to be added to the line of credit account of Wells Fargo Bank, N.A., allowing him to access the account and to conduct transactions.

VII.  Countrywide Home Loans, Inc.

38.  In or about April 2002, Jamie Edelkind applied to Countrywide Home Loans, Inc. for a home equity line of credit up to $350,000, in the name Linda Edelkind, to be secured by a mortgage on the Edelkinds' residence at 940 Nantasket Avenue, Hull, Massachusetts.

39.  In connection with the April 2002 line of credit application to Countrywide Home Loans, Inc., Jamie Edelkind submitted false information and various forged and fraudulent documents, including the following:

a.  Forged and fraudulent payment records purporting to reflect bi-weekly salary payments to Linda Edelkind from Apostille, Inc.

b.  Forged and fraudulent 2000 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $286,350

7

to Linda Edelkind by "Apostille, Inc., POB 130187, 77 Fulton St. Ste 3000, Boston, Ma 02109," "Employer's identification number 58-4402763."

c.    Forged and fraudulent 2001 Form W-2 Wage and Tax Statement, which reflected the payment of "wages, tips and other compensation" in the amount of $383,184.13 to Linda Edelkind by "Apostille, Inc., 50 Glover Avenue, Suite 201, Hull, MA 02045," "Employer's identification number 58-4402763."

40.  On or about May 30, 2002, Countrywide Home Loans, Inc. granted a home equity line of credit, with a limit of $350,000, in the name of Linda Edelkind, secured by the Edelkinds' residence at 940 Nantasket Avenue, Hull, Massachusetts.

VIII.   Washington Mutual Bank, F.A. (January 2003)

41.  In or about January 2003, Jamie Edelkind applied to Washington Mutual Bank, F.A. for a mortgage loan of $ 2,100,000, in the name Linda Edelkind to refinance 940 Nantasket Avenue.

42.  On the January 2003 loan application, Jamie Edelkind falsely represented that Linda Edelkind was employed by Apostille, Inc., had been so employed for nine years, and that her monthly income was $66,500.

43.  On or about March 17, 2003, Washington Mutual Bank, F.A. provided mortgage financing in the amount of $2,100,000, in the name of Linda Edelkind, for the refinance of 940 Nantasket Avenue, Hull, Massachusetts.

IX.   Fairmont Funding LTD (June 2004)

44.  On March 10, 2004, Jamie Edelkind was charged in an Information with three counts of bank fraud in connection with the schemes described above.

45.  In or about June 2004, Jamie Edelkind provided information to a mortgage broker in connection with an application for a mortgage loan of $3,000,000, in the name of Linda Edelkind, to refinance the Edelkinds' residence at 940 Nantasket Avenue. The mortgage broker submitted this information to Fairmont Funding LTD.

8

46. On the June 2004 loan application, Jamie Edelkind falsely represented that Linda Edelkind was employed by Apostille, Inc., and that her monthly income was $91,667.

X.    Fairmont Funding LTD and Lehman Brothers Bank, FSB (August 2004)

47. In or about August 2004, Jamie Edelkind provided information to a mortgage broker in connection with an application for a mortgage loan of $3,300,000, in the name of Linda Edelkind, to refinance the Edelkinds' residence at 940 Nantasket Avenue. The mortgage broker submitted this information to Fairmont Funding LTD.

48. On the June 2004 loan application Jamie Edelkind falsely represented that Linda Edelkind was employed by Apostille, Inc., and that her monthly income was $91,667.

49. On or about August 25, 2004, Fairmont Funding LTD provided mortgage financing in the amount of $3,300,000, in the name of Linda Edelkind, for the refinance of 940 Nantasket Avenue, Hull, Massachusetts. On or about September 28, 2004, Fairmont Funding LTD sold Linda Edelkind's $3,300,000 loan to Lehman Brothers Bank, FSB.

50. On or about August 30, 2004, Sovereign Bank Official Check number 4294126, in the amount of $569,878.93, was deposited into Fleet Bank checking account number XXXXXX8261, held in the name of Linda Edelkind (the "8261 Account"). Official Check number 4294126 represented the cash-out proceeds of the Fairmont Funding LTD loan paid directly to Linda Edelkind upon closing.

51. On or about September 28, 2004, Check number 22768, in the amount of $9,926.80, drawn on a JPMorgan Chase Bank account held in the name of Fairmont Funding LTD, made payable to Linda Edelkind and dated September 27, 2004, was deposited into the 9261 Account.

52. Between August 31, 2004 and October 18, 2004, approximately $273,000 was wire transferred from the 8261 Account to Norway.

53. On or about October 18, 2004, Linda Edelkind and her children moved to Norway.

54. Between October 18, 2004 and December 15, 2004, approximately $34,000 was withdrawn from the 8261 Account through ATMs located in Norway.

55.  One payment on the Lehman Brothers Bank, FSB mortgage was made in or about October 2004.  Linda Edelkind failed to make scheduled loan payments in November and December 2004 and January 2005, thereby defaulting on the loan.

COUNT ONE

(Bank Fraud, 18 U.S.C. § 1344)

56.  The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-55 of this Information and further charges:

57.  On or about September 12, 2001, at Hull and elsewhere, in the District of Massachusetts,

**JAMIE EDELKIND,**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, and to obtain and attempt to obtain monies, funds and credits owned by and under the custody and control of a financial institution, by false and fraudulent pretenses, representations and promises, to wit: by causing forged and fraudulent documents to be created and submitted to South Shore Savings Bank its employees in connection with a lending agreement between South Shore Savings Bank and Linda Edelkind.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

### (Bank Fraud, 18 U.S.C. §1344)

58.  The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-57 of this Information and further charges:

59.  On or about May 9, 2002, at Hull and elsewhere, in the District of Massachusetts,

**JAMIE EDELKIND,**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, and to obtain and attempt to obtain monies, funds and credits owned by and under the custody and control of a financial institution, by false and fraudulent pretenses, representations and promises, to wit: by causing forged and fraudulent documents to be created and submitted to Wells Fargo Bank, N.A.and its employees in connection with a lending agreement between Wells Fargo Bank, N.A. and Linda Edelkind.

All in violation of Title 18, United States Code, Sections 1344 and 2.

12

## COUNT THREE

### (Bank Fraud, 18 U.S.C. § 1344)

60.  The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-59 of this Information and further charges:

61.  On or about March 17, 2003, at Hull and elsewhere, in the District of Massachusetts,

### JAMIE EDELKIND,

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, and to obtain and attempt to obtain monies, funds and credits owned by and under the custody and control of a financial institution, by false and fraudulent pretenses, representations and promises, to wit: by causing forged and fraudulent documents to be created and submitted to Washington Mutual Bank, F.A. and its employees in connection with a lending agreement between Washington Mutual Bank, F.A. and Linda Edelkind.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

### (Bank Fraud, 18 U.S.C. § 1344)

62. The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-61 of this Information and further charges:

63. Between on or about August 25, 2004, and in or about January 2005, at Hull and elsewhere, in the District of Massachusetts,

### JAMIE EDELKIND,

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, and to obtain and attempt to obtain monies, funds and credits owned by and under the custody and control of a financial institution, by false and fraudulent pretenses, representations and promises, to wit: by submitting false and misleading information regarding Linda Edelkind's income and by abetting Linda Edelkind's removal of loan proceeds from the United States and her abandonment of the mortgaged property, in connection with a loan in the name of Linda Edelkind, originated by Fairmont Funding LTD and subsequently assigned to Lehman Brothers Bank, FSB.

All in violation of Title 18, United States Code, Sections 1344 and 2.

FORFEITURE ALLEGATIONS

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further charges:

64.  As a result of the offenses in violation of 18 U.S.C. § 1344 charged in Counts One through Four of this Information,

**JAMIE EDELKIND,**

the defendant herein, shall forfeit to the United States any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, including but not limited to:

    a.  the real property and buildings located at 940 Nantasket Avenue, Hull, Massachusetts, having a deed recorded at the Plymouth County Registry of Deeds, Book 19257, Page 118;

    b.  Sovereign Bank Official Check number 4294126, in the amount of $569,878.93, and all proceeds traceable thereto; and

    c.  Check number 22768, in the amount of $9,926.80, drawn on a JPMorgan Chase Bank account held in the name of Fairmont Funding LTD, made payable to Linda Edelkind and dated September 27, 2004, and all proceeds traceable thereto.

65.  If any of the forfeitable property, as described in paragraph 64 above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property

15

described in paragraph 64 above.

　　　All in violation of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).


　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　MICHAEL J. SULLIVAN
　　　　　　　　　　　　　United States Attorney

Dated: February 25, 2005

　　　　　　　　　　　By: _____
　　　　　　　　　　　　　KRISTINA E. BARCLAY
　　　　　　　　　　　　　PAUL G. LEVENSON
　　　　　　　　　　　　　Assistant U.S. Attorneys
　　　　　　　　　　　　　John Joseph Moakley United States Courthouse
　　　　　　　　　　　　　1 Courthouse Way, Suite 9200
　　　　　　　　　　　　　Boston, MA 02210
　　　　　　　　　　　　　(617) 748-3147