UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 04-10066-MEL |
| ) | |
| JAMIE EDELKIND ) | |

**RENEWED MOTION FOR JUDGMENT OF ACQUITTAL**

Now comes the defendant Jamie Edelkind and respectfully moves this Honorable Court pursuant to Rule 29(c) to enter judgments of acquittal in the above-named case on the grounds that the government has failed to meet its burden as a matter of law. The defendant further says that the government has failed to prove that America's Moneyline, Country Wide, and Fairmount Funding were financial institutions and thus reference to said institutions should be removed from the jury's consideration. In addition, since Count Four is entirely dependent on Fairmount Funding, the government has failed to prove federal jurisdiction on Count Four.

18 U.S.C. § 1344 requires that the fraud be of a "financial institution". 18 U.S.C. § 20 defines financial institution for purposes of Title 18. Fairmount Funding is not a financial institution. It is true that the First Circuit has held "that it is also unnecessary for the government to prove that a defendant knows which particular bank will be victimized by his fraud as long as it is established that a defendant knows that *a* financial institution will be defrauded." *United States v. Brandon,* 17 F.3d 409, 426 (1994). In the case at bar Fairmount Funding was the lender. There is no evidence that the defendant knew any other institution would be defrauded. The government's claim that the reference in *Brandon* to "a financial institution" does not mean such an institution as defined in Title 18 is simply wrong, see 18 U.S.C. § 20.

Respectfully submitted,
By his attorney,


Robert L. Sheketoff
One McKinley Sq.
Boston, MA  02109
(617) 367-3449
BBO # 457340