UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>            Plaintiff,    )<br>                               )<br>    v.                         )<br>                               )<br>JAMIE EDELKIND,                )<br>            Defendant.    )    | CRIMINAL NO. 04-10066-MEL |

**UNITED STATES' MOTION
FOR PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461(c). In support thereof, the United States sets forth the following:

1. On or about February 25, 2005, a Second Superceding Information (the "Information") was filed with the Court charging Jamie Edelkind (the "Defendant") with four counts of Bank Fraud, in violation of 18 U.S.C. § 1344;

2. The forfeiture allegation sought the forfeiture, as a result of committing the bank frauds alleged in Counts One through Four of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c). Such property includes,

but is not limited to, the following assets:

(a) the real property and buildings located at 940 Nantasket Avenue, Hull, Massachusetts, having a deed recorded at the Plymouth County Registry of Deeds, Book 19257, Page 118 ("940 Nantasket");

(b) Sovereign Bank Official Check number 4294126, in the amount of $569,878.93, and all proceeds thereto; and

(c) Check number 22768, in the amount of $9,926.80, drawn on a JP Morgan Chase Bank account held in the name of Fairmont Funding LTD, made payable to Linda Edelkind and dated September 27, 2004, and all proceeds traceable thereto,

(collectively, the "Defendant Properties").

3. The forfeiture allegation of the Information further provided that, if any of the Defendant's assets that are subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).

4.   On or about March 8, 2005, the Defendant was convicted by a jury of Counts One through Four of the Information. Also on March 8, 2005, the Defendant waived his right to have the jury determine forfeiture in this action and requested that the Court withhold any decision regarding forfeiture until sentencing in this case, which is scheduled for May 24, 2005. The United States agreed to the Defendant's request.

5.   On March 17, 2005, the United States received a copy of a March 9, 2005 letter from Fairmont Funding, Ltd. ("Fairmont"), a third party, to this Court requesting permission to enter 940 Nantasket, which apparently has been vacant since at least December 2004, and make any necessary repairs. While the United States initially agreed with the Defendant that the Court could resolve any forfeiture issues at the time of sentencing, Fairmont's letter raised valid concerns regarding the immediate care and maintenance of 940 Nantasket.[1] Because the United States shares Fairmont's concerns, and because forfeiture of 940 Nantasket cannot be disputed, the United States requests that this Court enter a Preliminary Order of Forfeiture <u>prior</u> to the May 24, 2005 sentencing in this matter.

---

[1] The Court cannot grant Fairmont's request for access to 940 Nantasket because (1) before entry of a Preliminary Order of Forfeiture, no party claiming interest in property subject to forfeiture (<u>i.e.</u> Fairmont) may intervene in a criminal action involving forfeiture of that property, and (2) Fairmont has no legally cognizable interest in 940 Nantasket. See 21 U.S.C. §§ 853(k) and 853(n)(6), incorporated by reference in 28 U.S.C. § 2461(c).

3

6. By virtue of the Defendant's conviction and pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets, in a value up to the value of the Defendant Properties. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

7. Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Properties and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Defendant Properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Properties in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/Kristina E. Barclay
KRISTINA E. BARCLAY
PAUL G. LEVENSON
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: March 24, 2005

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon Robert L. Sheketoff, Esquire, One McKinley Square, Boston, Massachusetts 02109, as counsel for Defendant Jamie Edelkind, by first class mail, postage prepaid.

/s/Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: March 24, 2005