UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
        Plaintiff,    )
                              )
    v.    )    CRIMINAL NO. 04-10066-MEL
                              )
JAMIE EDELKIND,    )
        Defendant.    )

**PRELIMINARY ORDER OF FORFEITURE**

**LASKER, D.J.**,

WHEREAS, on or about February 25, 2005, a Second Superceding Information (the "Information") was filed with the Court charging Jamie Edelkind (the "Defendant") with four counts of Bank Fraud, in violation of 18 U.S.C. § 1344;

WHEREAS, the Information also contained Forfeiture Allegations, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), seeking forfeiture pursuant to 18 U.S.C. § 1344, of any property, real or personal, constituting or derived from any proceeds traceable to the commission of the offenses, including but not limited to:

    (a)  the real property and buildings located at 940 Nantasket Avenue, Hull, Massachusetts, having a deed recorded at the Plymouth County Registry of Deeds, Book 19257, Page 118;

    (b)  Sovereign Bank Official Check number 4294126, in the amount of $569,878.93, and all proceeds thereto; and

    (c)  Check number 22768, in the amount of $9,926.80, drawn on a JP Morgan Chase Bank account held in the name of

      Fairmont Funding LTD, made payable to Linda Edelkind and dated September 27, 2004, and all proceeds traceable thereto,

(collectively, the "Defendant Properties");

    WHEREAS, on or about March 8, 2005, the Defendant was convicted by a jury of Counts One through Four of the Information;

    AND WHEREAS, by virtue of the Defendant's convictions and pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 981, 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets, in a value up to the value of the Defendant Properties.

    ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

    1.   Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Properties and they are hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. § 853(h), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).

    2.   The Defendant Properties are to be seized and held by the United States in its secure custody and control.

    3.   Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), the United States shall take any other appropriate steps, pursuant to the applicable provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), to seize, forfeit, and dispose of the

Defendant Properties, giving notice as required by law.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), the United States shall publish at least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in the District in which the Defendant Properties are located, notice of this Order and of the intent of the United States to dispose of the forfeited Defendant Properties in such manner as the Attorney General may direct.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Defendant Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), the notice referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Properties shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Properties;

and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Properties, any additional facts supporting the petitioner's claim, and the relief sought.

    7.    Pursuant to 21 U.S.C. § 853(n)(6) and (7), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), for the filing of such petitions, the United States of America shall have clear title to the forfeited Defendant Properties.

    8.    Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), in which all interests will be addressed.

                                                      MORRIS E. LASKER
                                                      United States District Judge

Date: