## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**UNITED STATES OF AMERICA**            )
                                        )
                                        )    **CRIMINAL NO.**
            **v.**                      )    **04 − 10066 MEL**
                                        )
**JAMIE EDELKIND**                      )
_____)

**DEFENDANT JAMIE EDELKIND'S (1) OPPOSITION TO THE UNITED STATE'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND (2) MOTION TO DISMISS THE FORFEITURE ALLEGATIONS**

The defendant Jamie Edelkind ("Edelkind") opposes the government's motion for a preliminary order of forfeiture because the convictions upon which the government relies can not support the forfeitures the government seeks.  For the same reasons, Edelkind moves that the forfeiture allegations be dismissed.[1]

The "Second Superseding Information" charged Edelkind with four counts of bank fraud in violation of 18 U.S.C. § 1344.  On March 8, 2005, the jury returned guilty verdicts on each of these four counts.  The Information, however, also charged, in a separate set of "Forfeiture Allegations" that as a result of the § 1344 offenses and "in violation of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)," Edelkind must "forfeit to the United States any property, real or personal, that constitutes, or is

---

[1] Rule 12(b)(3)(B) of the Federal Rules Criminal Procedure provides that "at any time while the case is  pending, the court may hear a claim that  the indictment or information fails to invoke the court's jurisdiction  or to state an offense."

derived from, proceeds traceable to the commission of the [§ 1344]

offenses." This last quoted language tracks the language of 18 U.S.C. §

981(a)(1)(C), rendering forfeitable "[a]ny property, real or personal, which

constitutes or is derived from, proceeds traceable to a violation of . . . [§]

1344."

Although the jury returned the verdicts upon which any forfeiture

must depend, Edelkind and the government waived jury determination of the

remaining forfeiture issues for which there was a jury right. These issues

were left to the court for determination at sentencing.

Section 981 of Title 18 is generally a civil forfeiture statute enforced

against property *in rem* and not against a defendant *in personam*. However,

28 U.S.C. § 2461(c) provides that:

> (c) If a forfeiture of property is authorized in connection with a
> violation of an Act of Congress, and any person is charged in an
> indictment or information with such violation **but no specific
> statutory provision is made for criminal forfeiture upon
> conviction**, the Government may include the forfeiture in the
> indictment or information in accordance with the Federal Rules of
> Criminal Procedure, and upon conviction, the court shall order the
> forfeiture of the property in accordance with the procedures set forth
> in section 413 of the Controlled Substances Act (21 U.S.C. 853), other
> than subsection (d) of that section. (Emphasis added)

As already noted, 18 U.S.C. § 981(a)(1)(C) authorizes the forfeiture of

"*property, real or personal, which constitutes or is derived from  proceeds

traceable to a violation of*" 18 U.S.C. § 1344. However, in this case 18

U.S.C. § 981(a)(1)(C) can only be used as a civil forfeiture proceeding *in

rem* because 28 U.S.C. § 2461(c) does not apply. The reason is that a

specific statutory provision is made for criminal forfeiture upon a conviction

for a violation of 18 U.S.C. § 1344. *Cf. United States v. Croce*, 345 F.Supp.

2d 492, 496 (E.D. Pa. 2004). The provision is 18 U.S.C. § 982(a)(2) which

provides, in relevant part, as follows:

> The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate (A) . . . [18 U.S.C. §1344], affecting a financial institution, . . . shall order that the person forfeit to the United States ***any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation***. [2] (Emphasis added).

It follows that Edelkind's convictions for violations of 18 U.S.C. § 1344 cannot support the forfeitures sought in the Second Superseding Information or the preliminary forfeiture sought in the government's pending motion.

Although the government could have attempted to pursue criminal forfeiture under § 982, it did not.  And its decision to charge under § 981 is not simply a "citation error" which might permit invocation of Rule 7(c)(3) of the Federal Rules of Criminal Procedure.[3]  The "error" can not be corrected simply by changing the citation.  The provisions are different. Section 982(a)(2) encompasses "*any property constituting, or derived from, proceeds <u>the person obtained</u> directly or indirectly, as the result of such violation*."  Section 981(a)(1)(C) encompasses "*property, real or personal, which constitutes or is derived from  proceeds traceable to [the] violation.*" Under § 981 the forfeitable property is anything "traceable" to the violation no matter who "obtained" the property or whether or not the defendant ever had an interest in the property.  Section 982 is limited to proceeds a defendant "obtained" or derivable from proceeds a defendant "obtained" as

---

[2]   Note that there is a substantial difference in the description of property forfeitable under § 981(a)(1)(C),  the civil forfeiture provision, and the description of  property forfeitable under § 982 (a)(2), the criminal forfeiture provision.

[3]   Rule 7(c)(3) provides   − "Unless the defendant was misled and thereby prejudiced, neither an  error in  a citation nor a citation's omission is a ground to dismiss the indictment or information or  to reverse a conviction."

the result of the violation.  Edelkind did not "obtain" anything.  All the proceeds went to Linda Edelkind either directly or to pay off other mortgages or liens on the home she always owned by herself and which secured debt that only she incurred.  Moreover, Rule 7(c)(2) provides that:

> No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information ***provides notice that the defendant has an interest in the property that is subject to forfeiture in accordance with the applicable statute.*** (Emphasis added)

This requirement corresponds with the § 982 mandated connection of the defendant with the property that is forfeitable.  The Second Superseding Information contains no such description of Edelkind's interest in the property the government seeks to forfeit.  Thus a simple alteration of citation can not correct the forfeiture allegations.

Similarly, the government may not now amend the Information.  Rule 7(e) of the Federal Rules of Criminal Procedure provides that "Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding."  First, as already noted, forfeiture charges under § 981(a)(1)(C) and 28 U.S.C. § 2461(c) are different from forfeiture charges under § 982 (a)(2).  An amendment to charge what is required under § 982 rather than as currently charged under § 981 and 28 U.S.C. § 2461(c), would create a different forfeiture charge, and in any event, would not embrace any forfeitable property.  Second, the jury has already returned the verdict that provides the basis for any forfeiture charge the government may make.  Although there are additional forfeiture issues for the court to determine, the court can not proceed without reliance on the jury verdict.  Under Rule 7(e), there can be no amendment after "verdict."

## CONCLUSION

For the foregoing reasons, the government's motion for a preliminary order of forfeiture must be denied and its forfeiture allegations dismissed.

JAMIE EDELKIND

By his attorney,


s/ Michael J. Liston

_____
Michael J. Liston BBO# 301760
2 Park Plaza, Suite 610
Boston,  MA  02116
(617) 426-2281

May 25, 2005