UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal No. 04-10066-001-MEL<br>JAMIE EDELKIND, )<br>)<br>defendant. )<br>) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT JAMIE EDELKIND'S MOTION TO
DISMISS THE FORFEITURE ALLEGATIONS**

The United States, by undersigned counsel, hereby opposes the Defendant Jamie Edelkind's motion to dismiss the forfeiture allegations of the Second Superceding Information (the "Information").  The Defendant was convicted by jury verdict on four counts of bank fraud, in violation of 18 U.S.C. § 1344.  Pursuant to the Information, he had notice that the government sought the forfeiture of 941 Nantasket Avenue, Hull, Massachusetts, as well as certain funds traceable to the Defendant's bank frauds (collectively, the "Properties"), because the Properties constituted proceeds of his offenses.  The Defendant now moves to dismiss the forfeiture allegations of the Information because the government cited the civil forfeiture provisions for violations of 18 U.S.C. § 1344, made applicable to criminal cases by 28 U.S.C. § 2461(c), as opposed to the criminal forfeiture provisions applicable to the same crime.

The Defendant's motion fails for a number of reasons.  As set forth below, the United States could have alleged forfeiture in the Information under either 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), or 18 U.S.C. § 982(a)(2).  In addition, even if the United States mis-cited the applicable forfeiture statute, the Defendant was never misled as to forfeiture and could not have suffered any prejudice as a result of any citation error, and therefore dismissal would not be appropriate under Fed. R. Crim. P. 7(C)(3).

A.  **The United States Properly Alleged Forfeiture In The
Information Under 18 U.S.C. § 981(a)(1)(C) And 28 U.S.C. § 2461(c).**

The Information alleges that "Jamie Edelkind, the defendant herein, shall forfeit to the United States any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses," and specifically names the Properties as forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Section 981(a)(1)(C) is the civil forfeiture provision applicable to violations of 18 U.S.C. § 1344 involving bank fraud affecting a financial institution.  28 U.S.C. § 2461(c) authorizes criminal forfeiture whenever civil forfeiture is authorized:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in section 413 of the Controlled Substances Act (21 U.S.C. 853), other than subsection (d) of that section.

The Defendant asserts that the phrase "but no specific statutory provision is made for criminal forfeiture upon conviction", as used in section 2461(c), means that the government cannot allege forfeiture under section 2461(c) where there is a criminal forfeiture statute applicable to the same criminal violation – in this case, 18 U.S.C. § 982(a)(2).  The Defendant's interpretation of the statute contradicts the legislative history of section 2461(c), as well as the clear language of the statute.

In enacting section § 2461(c), Congress intended to authorize criminal forfeiture whenever civil forfeiture is authorized:

> H.R. 1965 would amend section 2461 of title 28 to give the government the option of pursuing criminal forfeiture as an alternative to civil forfeiture if civil forfeiture is otherwise authorized ... To encourage greater use of criminal forfeiture – with its heightened due process protection – this amendment would revise section 2461(c) **to authorize criminal forfeiture whenever any form of forfeiture is otherwise authorized by statute.**

H.R. Rep. 105-358(I), 1997 WL 677201, *35-36 (1997) (emphasis added).  See also id. at *62 ("Section 30 is intended to give the U.S. Attorneys the option of pursing criminal forfeiture as an alternative to civil forfeiture if civil forfeiture is otherwise authorized.").  The language in

section 2461(c) relating to "no specific statutory provision" that applies upon conviction was meant to apply to the absence of statutory **procedures**.  Indeed, the rest of the sentence provides for the incorporation of procedures from the Federal Rules of Criminal Procedure and 21 U.S.C. § 853.  In other words, in cases where there was a criminal forfeiture provision that had its own procedures (e.g. 18 U.S.C. §§ 1963 [RICO], 2253 [child pornography]), those procedures would apply.  But in cases where there was a criminal forfeiture statute that had no procedures of its own (e.g. 18 U.S.C. § 3665 [firearms], 7 U.S.C. § 2024(h) [food stamp fraud]), the procedures from Rule 32.2 and 21 U.S.C. § 853 would be incorporated.  This was intended to address a problem that arose in cases brought under those statutes where the court was unable to order the forfeiture because there were no statutory procedures for doing so.  See, e.g., United States v. Posey, 217 F.3d 282 (5thCir. 2000) (government cannot seek forfeiture of firearm under section 3665 without following procedures in Federal Rules of Criminal Procedure).  It was never contemplated that section 2461(c) could not be used to criminalize a civil forfeiture for a given offense where there was an exiting **substantive** criminal forfeiture provision for the same offense.  H.R. Rep. 105-358(I), 1997 WL 677201, *35-36, *62.

**B.    The Defendant Has Never Been Misled As To Forfeiture In
       This Action, And Cannot Show That He Has Suffered Any Prejudice.**

As set forth above, the United States properly alleged forfeiture in the Information under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  However, even if the government was limited to forfeiture under 18 U.S.C. § 982(a)(2) in this case, its citation to sections 981(a)(1)(C) and 2461(c) is simply a citation error which could not possibly have misled or prejudiced the Defendant in any way.

Under Rule 7(c)(3), "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."  Any perceived citation error could not have misled or prejudiced the Defendant.  The Information provided notice to the Defendant that the United

States sought forfeiture of the Properties as a result of his violations of 18 U.S.C. § 1344. Whether the United States seeks forfeiture of the Properties under sections 981 or 982 is irrelevant – both statutes require the forfeiture of property which constitutes or is derived from proceeds of violations of section 1344. Accordingly, the Defendant has never been misled as to the assets the United States seeks to forfeit (i.e. the Properties), or as to the theory under which the United States seeks forfeiture (i.e. the Properties constitute proceeds of his crimes).

The Defendant's argument that the provisions of sections 981 and 982 are different is pure word play. Section 982(a)(2) requires the forfeiture of "any property constituting, or derived from, proceeds the person obtained directly or indirectly" as the result of certain crimes. Section 981(a)(1) requires the forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable" to certain crimes. The Defendant hones in on the use in section 982 of the phrase "the person obtained," and argues that, because he allegedly never **received** the proceeds of his crimes – that is, he conducted his crimes in his wife's name, and she ultimately received the proceeds of his crimes – those proceeds cannot be forfeited under section 982. See Motion, 3-4. If this were an accurate statement of the law, criminals easily could avoid criminal forfeiture by titling their proceeds in the names of "straws". Fortunately, the law does not reward criminal ingenuity. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 628 (1989) (forfeiture of crime proceeds used to pay defense counsel is not unconstitutional, because "[t]here is no constitutional principle that gives one person the right to right to give another's property to a third party"). On the contrary, the "relation back doctrine," codified at 21 U.S.C. §§ 853(c) and 853(n) and applicable to criminal forfeitures under either section 981 or 982, provides that all right, title and interest in criminal proceeds vests in the United States upon the commission of the crime giving rise to the forfeiture. 21 U.S.C. § 853(c). Because the proceeds of crime are always forfeitable in a criminal case, it is not necessary to allege or prove that the proceeds ever legally belonged to the defendant. United States v. Sokolow, 1996 WL 32113 (E.D. Pa. 1996) (one cannot have a legal interest in criminal proceeds). Regardless of who ultimately possessed the Properties, they constitute property

4

derived from the proceeds the Defendant obtained via his bank frauds, and forfeiture under either statute cannot be disputed.

Not only has the Defendant never been misled as to forfeiture in this case, it would be impossible, in light of his own admissions, for him to establish that the government's citation to the civil forfeiture statute applicable to his crimes, as opposed to the relevant criminal forfeiture statute, prejudiced him in any way. In fact, the Defendant states in his motion that "**[a]ll the proceeds went to Linda Edelkind** either directly or to pay off other mortgages or liens **on the home she always owned by herself** and which secured debt that only she incurred."[1] Motion to Dismiss, 4 (emphasis added). Because the Defendant admittedly has no interest in the Properties, it would be impossible for him to establish that any citation error in the forfeiture allegations of the Information prejudiced him in any way.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's Motion to Dismiss the Forfeiture Allegations of the Second Superceding Information, grant the United States' Motion for Preliminary Order of Forfeiture, and endorse the proposed Preliminary Order of Forfeiture.

                                                         Respectfully submitted,
                                                         MICHAEL J. SULLIVAN
                                                         United States Attorney

By:  /s/ Kristina E. Barclay
       KRISTINA E. BARCLAY
       PAUL G. LEVENSON
       Assistant U.S. Attorneys
       United States Courthouse
       One Courthouse Way
       Suite 9200
       Boston, Massachusetts 02210

Dated: May 31, 2005                               (617) 748-3371

---

[1] As an aside, the Defendant's assertion that only Linda Edelkind incurred the debt ignores the jury's finding that the Defendant was guilty of four counts of bank fraud.

5

**CERTIFICATE OF SERVICE**

      This is to certify that a true copy of the above document was served upon counsel for the defendant Jamie Edelkind, addressed as follows:

Michael J. Liston, Esq.
2 Park Plaza
Suite 610
Boston MA 02116

Dated: May 31, 2005                                                            /s/ Kristina E. Barclay
                                                                                                                           KRISTINA E. BARCLAY
                                                                                                                           Assistant U.S. Attorney