UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>JAMIE EDELKIND )<br> ) | ) CRIMINAL NO.<br>) 04 − 10066 MEL |

**DEFENDANT JAMIE EDELKIND'S MOTION TO VACATE
PRELIMINARY ORDER OF FORFEITURE AND DEMAND FOR
HEARING PURSUANT TO RULE 32.2 OF THE FEDERAL RULES
OF CRIMINAL PROCEDURE**

On June 2, 2005, the court granted, by endorsement, the government's motion for a preliminary order of forfeiture "pursuant 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)." The property the government sought to be forfeited, and thus the property preliminarily forfeited by the endorsement, included "(1) the real property and buildings located at 940 Nantasket Avenue in Hull, Massachusetts . . .; (2) Sovereign Bank Official Check number 4294126, in the amount of $569,878.93, and all the proceeds thereto; and (3) check number 22768, in the amount of $9,926.80, drawn on a JP Morgan Chase account held in the name of Fairmont Funding, Ltd and made payable to Linda Edelkind, dated September 27, 2004, and all proceeds traceable thereto."

The court granted the government's motion despite the fact that the forfeiture is contested and without the hearing, or the determinations, required under the provisions of Rule 32.2 of the Federal Rules of Criminal

1

Procedure.

Under Rule 32.2(b)(1) before the court may enter a preliminary order of forfeiture, it must, first, "determine what property is subject to forfeiture under the applicable statute." Although the court's endorsed order appears to encompass certain property, there is no express determination that such property is subject to forfeiture." Moreover, the order states that "[s]uch property includes, but is not limited to," the property identified in the order, and thus suggests that any required determination is incomplete.

Secondly, under Rule 32.2(b)(1), if the government seeks the forfeiture of specific property, as the government has done in this case, "the court must determine whether the government has established the requisite nexus between the property and the offense." The government has not established any such nexus at least with respect to some of the "property," and in any event, the order does not reflect a "determination" that the government has established the nexus.[1]

Third, Rule 32.2(b)(1) further provides −

> If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, <u>if the forfeiture is contested</u>, on evidence or information presented by the parties <u>at a hearing</u> after the verdict or finding of guilt. (Emphasis added).

The government's motion does in fact seek a money judgment because it claims entitlement to seek substitute assets pursuant to 21 U.S.C.

---

[1] Under Rule 32.2(b)(4) the defendant has a right to a jury determination as to whether the government has established the requisite nexus between the property and the offense committed. Even if we assume that the defendant has waived his right to a jury determination of the jury issues relating to forfeiture, he has certainly not waived his right to a hearing on those issues before the court.

2

§ 853(p).[2] Any such entitlement necessarily requires, both under § 853(p) and under Rule 32.2 (e), a determination of a dollar value of the property forfeited. It follows that there must be a hearing on this issue.

For the foregoing reasons, the defendant moves that the court vacate its June 2, 2005 order of preliminary forfeiture and schedule a hearing pursuant to Rule 32.2 (b)(1) to determine (1) what property is forfeitable and to what extent it is forfeitable "under the applicable statute;" (2) to determine whether the government has established the requisite nexus between the specific property the government has identified and the "proceeds" of the violation; and (3) to determine the dollar amount of money for which the defendant may be liable to the extent the government intends to seek substitute assets pursuant to 21 U.S.C. § 853(p) and Rule 32.2(e).[3]

JAMIE EDELKIND
By his attorney,
s/ Michael J. Liston

_____
Michael J. Liston BBO# 301760
2 Park Plaza, Suite 610
Boston, MA 02116
(617) 426-2281

June 6, 2005

---

[2] In ¶ 6 of its motion for a preliminary order of forfeiture, the government claimed entitlement to "a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets, in a value up to the value of the Defendant Properties."

[3] The court denied the defendant's motion to dismiss the forfeiture allegations in the same endorsed order that is the subject of this motion. The defendant contends that the court is in error but does not further pursue that position in this motion.