UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                    )<br>)<br>JAMIE EDELKIND                  )<br>) | CRIMINAL NO.<br>04 − 10066 MEL |

**DEFENDANT JAMIE EDELKIND'S (1) MOTION FOR ARREST OF JUDGMENT ON THE GROUND THAT THE SECOND SUPERSEDING INFORMATION FAILS TO CHARGE AN OFFENSE AND (2) NOTICE TO THE COURT OF OTHER DEFECTS AND VARIANCES AFFECTING SUBSTANTIAL RIGHTS AND WARRANTING DISMISSAL OF SECOND SUPERSEDING INFORMATION**

**MOTION:**

Rule 34(a)(1) of the Federal Rules of Criminal Procedure provides that "upon a defendant's motion, or on its own, the court **must** arrest judgment . . . if the indictment or information does not charge an offense." (Emphasis added). Similarly, Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails . . . to state an offense." *See United States v. Mojica-Baez*, 229 F.3d 292, 309 (1st Cir. 2000) (Accepting the proposition that an objection that an indictment fails to state an essential element may be raised at any time during the pendency of

proceedings.)[1]

In *Neder v. United States*, 527 U.S. 1, 24 (1999), the Supreme Court determined that "materiality of falsehood is an element of the federal mail fraud, wire fraud and bank fraud statutes." Since materiality is an element of a violation of 18 U.S.C. § 1344, materiality must be alleged in the indictment or information. *See, e.g.*, *United States v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005).

The Second Superseding Information does not allege, with respect to any of its four counts, the necessary "materiality." The information under which Edelkind was tried, was, therefore, defective.

Edelkind anticipates the government to counter that he did not raise this issue prior to trial and thus that the deficiency is subject to harmless error analysis. Edelkind offers two responses. First, the Second Superseding Information was not "filed" with the court until Friday, February 25, 2005, and not disclosed to Edelkind until the first day of his trial − Monday, February 28, 2005. Despite the requirements of due process and Rule 10 of the Federal Rules of Criminal Procedure, Edelkind was never arraigned on the Second Superseding Information, which contained new charges, and he never entered a plea to any of the charges contained in the Second Superseding Information. At the same time, Edelkind's trial commenced on the same day that he was first advised of the Second Superseding Information. This was in violation of 18 U.S.C. §

---

[1] Rule 34(b) of the Federal Rules of Criminal Procedure appears perhaps inconsistent with the combination of Rule 12(b)(3)(B) and Rule 34(a)(1). It provides that "The defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty . . . or within such further time as the court sets during the 7-day period." The defendant contends, however, that his motion is timely even under this section alone because forfeiture issues for which jury rights had attached remained open for judicial determination, in lieu of jury determination, at least until the court's June 2, 2005, order of preliminary forfeiture.

3161(c)(2), which provides that:

> Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

Edelkind did not consent, in writing or otherwise, to an immediate trial on the Second Superseding Information.[2] Indeed, Edelkind had personally[3] moved to continue the trial because, *inter alia*, he was not aware of the precise charges against him and did not believe he, or his counsel on his behalf, was prepared to go to trial. His motion, filed on or about, February 18, 2005 had been denied on February 23, 2005. As a result, the defendant never had an effective opportunity to file any pre-trial motions, such as a motion to dismiss the information for failure to state an offense. Under Rule 51(b) of the Federal Rules of Criminal Procedure − "If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." In this context, the deficiency in the indictment cannot be harmless error.

As a second response, Edelkind states that to the extent that harmless error analysis is the next step, and not outright dismissal, then "a thorough examination of the record" is required. *See Neder v. United States*, *supra*, at 19-20. A transcript of the trial record has been requested but has not yet been fully completed. Current counsel for Edelkind does not know the extent to which (1) there may have been evidence of "materiality," (2) the defendant may have been denied the opportunity to introduce evidence as to the absence of materiality, or (3) the jury was charged with respect to

---

[2] Edelkind did waive indictment in writing.
[3] Edelkind was represented by counsel, but filed the motion pro se in part because he complained about the adequacy of his counsel's representation.

materiality.  Edelkind, therefore, requests that any harmless error hearings or determinations await completion of the trial transcripts.

**NOTICE**

The absence of an arraignment on or a plea to the Second Superseding Information and the immediate commencement of trial upon the filing of the Second Superseding Information without the defendant's consent in writing and in violation of 18 U.S.C. § 3161(c)(2), as set forth above, are defects in the proceedings that have not heretofore been brought to the court's attention.  In addition to these defects, Edelkind now notes that Count Four of the Second Superseding Information, ¶ 63, identifies Lehman Brothers Bank, FSB as the entity to whom Fairmont Funding, LTD assigned the subject loan.  In ¶ 5 of the Second Superseding Information, Lehman Brothers Bank, FSB is identified as a financial institution within the meaning of 18 U.S.C. § 20.  At trial the government attempted to establish that "Aurora Loan Services," a "subsidiary" of "Lehman Brothers," was assigned the loan.  The government never attempted to demonstrate that the loan was assigned to Lehman Brothers Bank, FSB.  Edelkind contends that this is a variance affecting his substantial rights.

Edelkind further notes at this time and with respect to Count Four that although the Second Superseding Information asserts, ¶ 63, that Edelkind committed the violation of 18 U.S.C. § 1344 "at Hull and elsewhere, in the District of Massachusetts" as required for venue under Rule 18 of the Federal Rules of Criminal Procedure, the government's evidence failed to establish the necessary venue.

Edelkind asserts that the foregoing are not harmless errors but that they affect his substantial rights and warrant dismissal of the Second Superseding Information.  To the extent they are deemed not harmless but

waived, then Edelkind asserts ineffective assistance of counsel.

                              JAMIE EDELKIND

                              By his attorney,

                              s/ Michael J. Liston

                              _____

                              Michael J. Liston BBO# 301760
                              2 Park Plaza, Suite 610
                              Boston, MA 02116
                              (617) 426-2281

June 8, 2005