UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 04-10066-001-MEL |
| JAMIE EDELKIND, | ) |
| | ) |
| defendant. | ) |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT JAMIE EDELKIND'S MOTION TO
VACATE PRELIMINARY ORDER OF FORFEITURE
AND DEMAND FOR HEARING PURSUANT TO RULE 32.2 OF
THE FEDERAL RULES OF CRIMINAL PROCEDURE**

A federal jury convicted the Defendant of obtaining money from financial institutions by submitting false and misleading information regarding his wife's income and employment in connection with loan applications. The trial evidence established that the Hull real property and the two checks identified in the forfeiture allegations of the Second Superceding Information (the "Properties") were traceable to some of the proceeds of the Defendant's frauds. It is difficult to imagine a more straightforward case for forfeiture. Yet the Defendant, who previously disclaimed any interest in the Properties, continues to challenge their forfeiture. As set forth herein, the Defendant's Motion to Vacate Preliminary Order of Forfeiture and Demand for Hearing Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure (the "Motion") should be denied because the Court's endorsement of the Preliminary Order of Forfeiture was in compliance with the Federal Rules of Criminal Procedure.

In the Second Superceding Information, the United States provided notice that it sought the forfeiture of the Properties, or substitute assets in a value up to the value of the Properties. After the jury returned its guilty verdicts, the Defendant asked, in open court and on the record, that the Court determine forfeiture in this action.[1] Because the government sought forfeiture of

---

[1] Not only did the Defendant not request a jury determination of forfeiture under Rule 32.2(b)(4), but he specifically requested that the Court make any forfeiture determinations. Thus, the Court need not "assume that the defendant has waived his right to a jury determination of the jury issues relating to forfeiture", as the Defendant suggests in footnote 1 of the Motion.

specific property – as opposed to a money judgment[2] – the Court was required to determine whether the government had established the requisite nexus between the Properties and the Defendant's crimes by a preponderance of the evidence.  Fed. R. Crim. P. 32.2(b)(1); United States v. Keene, 341 F.3d 78 (1st Cir. 2003) (preponderance standard applies to determination of forfeiture).

Contrary to the Defendant's contention, a hearing on the nexus between the Properties and his crimes was not required, nor does he have any "right" to such a hearing.  Rule 32.2(b)(1) clearly provides that the Court's determination "may be based on evidence already in the record".  Indeed, the Advisory Committee Notes (2000 Adoption) to Rule 32.2(b) state in relevant part:

> **The determination could be made based on the evidence in the record from the criminal trial** or the facts set forth in a written plea agreement submitted to the court at the time of the defendant's guilty plea, or the court could hold a hearing to determine if the requisite relationship existed between the property and the offense.

(Emphasis added).  At trial, the jury determined that the government had established, beyond a reasonable doubt, that the Defendant committed bank fraud in obtaining mortgage loans.  The trial evidence clearly established that the proceeds of those loans were used to purchase and maintain the real property in Hull, Massachusetts, and that the cash-out proceeds of the last loan were in the form of the checks identified in the forfeiture allegations of the Second Superceding Information.  It is axiomatic that the government established, by a preponderance of the evidence, that those checks and the Hull real property constituted proceeds traceable to the Defendant's crimes.  Moreover, in his Opposition to the government's Motion for a Preliminary Order of Forfeiture, the Defendant did not dispute that the government had established the requisite nexus between the Properties and his crimes.  Accordingly, the Court's determination that the government had established the requisite nexus clearly is supported by the record.

---

[2] For the distinction between money judgments and substitute assets, see United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999).

The Defendant also suggests that the Preliminary Order of Forfeiture should have included a written determination that the government had established the requisite nexus between the Properties and the Defendant's crimes.  The only requirements of a preliminary order of forfeiture are set forth in Rule 32.2(b)(2):

> If the court finds that property is subject to forfeiture, it must enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it.

The Court's Preliminary Order of Forfeiture clearly complies with the requirements of Rule 32.2.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's Motion to Vacate Preliminary Order of Forfeiture and Demand for Hearing Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:     /s/ Kristina E. Barclay
        KRISTINA E. BARCLAY
        PAUL G. LEVENSON
        Assistant U.S. Attorneys
        United States Courthouse
        One Courthouse Way
        Suite 9200
        Boston, Massachusetts 02210
Dated: June 9, 2005        (617) 748-3371

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above document was served upon counsel for the defendant Jamie Edelkind, addressed as follows:

Michael J. Liston, Esq.
2 Park Plaza
Suite 610
Boston MA 02116

Dated: June 9, 2005                          /s/ Kristina E. Barclay
                                             KRISTINA E. BARCLAY
                                             Assistant U.S. Attorney

3