UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMIE EDELKIND, )<br>         defendant. )<br>) | CRIMINAL NO. 04-10066-MEL |

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR AN EVIDENTIARY HEARING

The United States, by its undersigned counsel, opposes Defendant Jamie Edelkind's Motion for an Evidentiary Hearing To Determine the Accuracy in Fact of the Trial Stipulation that "Lehman Brothers Bank Bought the Linda Edelkind Loan and Mortgage on or after September 28, 2004" (hereinafter "Defendant's Motion"), filed June 22, 2005.  Defendant suggests that his prior counsel rendered ineffective assistance at trial by agreeing to a stipulation with respect to the purchase by a federally-insured bank, Lehman Brothers Bank, FSB, of the loan that was the subject of Count 4 of the Second Superseding Information.  Defendant's Motion at 7.

As the testimony at trial showed, in connection with the loan that was the subject of Count 4, Aurora Loan Services provided pre-closing review services for its parent company, Lehman Brothers Bank, FSB, a federally insured bank.  In that capacity, Aurora Loan Services reviewed the proposed loan from Fairmont Funding Ltd., a non-bank lender, to Linda Edelkind.  At trial, Issac Aryeh, the Fairmont employee who was primarily responsible for the making of the loan, testified that Fairmont Funding would not, and did, agree to close the Edelkind loan

unless and until the underwriter from Aurora Loan Services confirmed that the proposed loan was acceptable for purchase. Thus, the evidence showed that the fraud upon the federally insured bank was underway before the actual loan closing.

At trial, the parties stipulated that Lehman Brothers Bank FSB did indeed purchase the Edelkind loan, precisely as Fairmont Funding anticipated, based upon the pre-loan review performed by Aurora Loan Services. Defendant appends the parties' stipulation (the "Stipulation") to his submission. Defendant's Motion, Exh. A.

Edelkind now questions whether the Stipulation was accurate. The gist of Edelkind's current contentions is that there are numerous documents that bear the name of the Aurora Loan Services, rather than the name of the federally insured bank, Lehman Brothers Bank FSB.[1] Defendant's Motion at 2-4.

To his credit, Edelkind's current counsel acknowledges that he has come up empty in his assiduous post-trial efforts to establish that Edelkind's trial counsel somehow rendered ineffective assistance by entering into the Stipulation. See Motion for an Evidentiary Hearing at 7 (". . . Edelkind also has not established the contrary."). The United States has cooperated fully with newly-appointed counsel's effort.

Apart from the documents he appends to his motion, defendant fails to identify any evidence that would contradict the Stipulation. He asserts that he doubts the veracity of the Stipulation and that he likewise doubts the veracity of the Victim Impact Statement submitted by

---

[1] This is hardly surprising since Aurora Loan Services, a wholly-owned subsidiary of Lehman Brothers Bank, FSB, serves as both underwriter and servicing agent for Lehman Brothers Bank, FSB. That Lehman Brothers Bank, FSB, operated through its agent does not diminish the evidence that the federally insured bank actually purchased the loan in question.

Aurora Loan Services (which confirms the accuracy of the Stipulation). See Defendant's Motion at 4-5. Defendant also asserts that his doubts are based upon various documents, which he appends to his motion. Defendant's Motion at 2-5. The United States acknowledges the documents submitted by the Defendant do not – on their face – prove the accuracy of the Stipulation. But they are fully consistent with it. There is nothing probative about the prevalence of documents reflecting the name of the agent, Aurora Loan Services, rather than the principal, Lehman Brothers Bank, FSB. Only by rank speculation can Defendant suggest that the documents he appends somehow contradict the Stipulation. See Defendant's Motion at 5-6 (suggesting that the existence of two copies of Note, only one of which reflects the subsequent addition of "non-recourse" endorsement stamps, indicates that the endorsement took place after April 19, 2005).

As the First Circuit has noted, "[t]he party seeking an evidentiary hearing on a motion for a new trial must make 'a sufficient threshold showing that material facts [are] in doubt or dispute.'" United States v. Theodore, 354 F.3d 1, 7 (1st Cir. 2003) (citing United States v. Alicea, 205 F.3d 480, 487 (1st Cir. 2000) and United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir.1990)). As the First Circuit has noted:

> [E]videntiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion. . . . Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment. . . . In most situations, motions can be "heard" effectively on the papers, with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits, and the like. . . . In borderline cases "[t]he test for granting an evidentiary hearing in a criminal case should be substantive: did the defendant make a sufficient threshold showing that material facts were in doubt or in dispute?" Panitz, 907 F.2d at 1273.

United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (citations omitted).

In this case, Defendant offers only rank speculation as a basis for convening a hearing. As against this speculation, there is already before the Court the Victim Impact Statement presented by Aurora Loan Services. Incorporated in that Victim Impact Statement is Exhibit A, which states, in pertinent part:

> On September 30, 2004, Lehman Brothers Bank, FSB ("Lehman") purchased from Fairmont Funding a loan secured against the subject property in the amount of $3,298,197.45. Concurrently, servicing on the account was retained by Aurora Loan Services LLC, a wholly owned subsidiary of Lehman Brothers Bank FSB ("Aurora").

That statement, under pains and penalties of perjury, should suffice to put the matter to rest. Defendant fails to suggest any serious basis to question either the knowledge or the credibility of the declarant.

Notwithstanding the insufficiency of Defendant's showing, in order to supplement the information available to the Court, the United States submits herewith a declaration by Rick Skogg, Vice President, Lehman Brothers Bank, FSB, which again confirms the accuracy of the Stipulation.[2]

---

[2] The United States notes that the Stipulation reflects that Lehman Brothers Bank bought the loan "on or after September 28, 2004." While the victim impact statement suggests that the actual date was September 30, 2004, Mr. Skogg's declaration, and Exhibit C to that declaration, reflect a purchase date of September 28, 2004. There is, in any case, no indication that this apparent discrepancy is material.

CONCLUSION

Leaving aside the many procedural and prudential issues that militate against convening an evidentiary hearing at this late date, the Court should deny defendant's motion for the simple reason that there is no genuine issue of material fact that would warrant convening an evidentiary hearing. There is no evidence that the Stipulation was inaccurate. Indeed, as reflected in the attached Declaration of Rick Skogg, the Stipulation was correct.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

dated: July 1, 2005

    By:   /s/Paul G. Levenson
        PAUL G. LEVENSON
        KRISTINA BARCLAY
        Assistant U.S. Attorneys
        John Joseph Moakley United States Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3147