UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) CRIMINAL NO. |
| v. | ) 04 − 10066 MEL |
| | ) |
| JAMIE EDELKIND | ) |
| | ) |

**DEFENDANT JAMIE EDELKIND'S MOTION TO STRIKE
PORTIONS OF THE DECLARATION OF RICK SKOGGS**

On June 22, 2005, the defendant Jamie Edelkind filed a Motion for an Evidentiary Hearing to determine the accuracy of a trial stipulation that Lehman Brothers Bank bought the Linda Edelkind loan. On July 1, 2005, the government filed an Opposition supported by the Declaration of Rick Skogg ("Skogg Declaration"). Edelkind now moves to strike portions of the Skogg Declaration.

The principal grounds for this motion are (1) a lack of foundation for personal knowledge of the facts averred as required under Rule 602 of the Federal Rules of Evidence and (2), with respect to "business records" and the attachment of "business records," both a lack of foundation under Rule 602 and a lack of compliance with the requirements of Rule 803(6).

In the first sentence of the first paragraph of his Declaration, Skogg states that he is a "Vice President" of Lehman Brothers Bank FSB. There is no description of his duties or functions as a Vice President and no indication as to why he might have knowledge of the facts asserted in the

rest of his Declaration.  The balance of ¶ 1 sheds no further light.   Skogg simply states that he makes the declaration "upon on my own knowledge of the operations of Aurora Loan Services LLC . . . and [Lehman Brothers Bank FSB], and based upon my review of business records of [Lehman Brothers Bank FSB] and Aurora."  There is no indication of what precisely his knowledge may be, what the source of that knowledge might be, or why he might be expected to have relevant knowledge.  There is no indication of what "business records" he may have reviewed and no foundation that anything he reviewed was in fact a "business record" of either Lehman Brothers Bank FSB or Aurora.  Indeed, he does not even claim a position with Aurora.

Although there may not be ground for actually striking the assertions in ¶ 1, there is nothing in the paragraph that provides a foundation for anything that follows. "Although Rule 602 provides that '[e]vidence to prove personal knowledge may . . . consist of the witness' own testimony,' the witness must still set forth a factual basis for his claim of personal knowledge of the  matter in question." *Hilgraeve, Inc. v. Symantec Corp*., 271 F.Supp.2d 964, 974 (E.D. Mich. 2003).

Edelkind does move to strike all of paragraph 3 for lack of foundation and personal knowledge under Rule 602.  Moreover, the principal assertions are conclusory and the documents referenced are not identified.  The first sentence also appears to be purposely ambiguous.  The statement is − "Aurora serves exclusively as agent of Lehman, in connection with the purchase by Lehman of residential mortgage loans."  The statement does not exclude the possibility that Aurora, the uninsured subsidiary, actually purchases the loans, but that Lehman Brothers Bank FSB takes the position that it does so as its agent and that, therefore, as a legal conclusion, Lehman

Brothers Bank FSB purchases the loans.

In addition, the first sentence might suggest that Aurora is always ("serves exclusively") Lehman Brothers Bank FSB's agent and that it never purchases loans in its own name. But this would be contrary to fact. As reflected in Edelkind's Sentencing Memorandum, page 8, note 19, Aurora is described in a recent a Lehman Prospectus Supplement filed with the SEC as

> "a wholly owned subsidiary of Lehman Brothers Bank, FSB engaged principally in the business of (i) <u>originating, purchasing and selling residential mortgage loans in its own name and through its affiliates</u>, (ii) servicing residential mortgage loans for its own account, (iii) master servicing residential mortgage loans for the account of its affiliates and (iv) servicing and subservicing residential mortgage loans for the account of its affiliates and others." (Emphasis added)

It should also be noted that in Edelkind's motion for an evidentiary hearing, he challenged the authenticity − or at least the timing − of a series of endorsements on Linda Edelkind's Note that appeared to place Lehman Brothers Bank FSB in the chain of title. The failure of Skogg's Declaration to address the issue − he was one of the endorsers − suggests that the endorsements were not made until after the trial was completed.

Edelkind moves to strike all of ¶ 4 of the Skogg Declaration under both Rule 602 and Rule 803(6). The principal assertion is that "based on [his] review of business records of Lehman and Aurora, [he] can state that on or about September 28, 2004, Lehman purchased" the Linda Edelkind note from Fairmont Funding. There is no identity of the documents reviewed and no basis for determining that he was a custodian or other qualified witness with respect to the records or that the records were business records within the meaning of Rule 803(6).

Edelkind moves to strike all of ¶ 5 of the Skogg Declaration for lack of Rule 602 foundation. There has been no showing that he has personal

knowledge of Aurora's activities− he is not even employed by Aurora − or personal knowledge (1) that Aurora notified Fairmont "that the proposed loan was acceptable for purchase by Lehman" or (2) that Lehman ever expressed to any one that it determined that the proposed loan was acceptable.

Edelkind moves to strike all of ¶ 6 of the Skogg Declaration and all the attachments referenced in the paragraph. There is no Rule 602 showing that Skogg has personal knowledge with respect to any records kept by either Lehman or Aurora. And the assertion that the attached documents are business records is also inadequate under Rule 803 (6). "For evidence to qualify for the business records exception, Rule 803(6) requires . . . testimony of the custodian or other qualified witness that the record was made at or near the time by or from information transmitted by a person with knowledge and kept in the course of regularly conducted business activity as a regular practice of the business." *Garrett v. Federal Express Corp*. Slip copy, 2005 WL 773757, page 2 (D. Oregon, April 5 2005.

With respect to ¶ 7, although Edelkind does not believe that there is an adequate Rule 602 foundation for these assertions, he is not aware of a basis for challenging the Exhibit A documents. The documents, however, speak for themselves and despite requests to the government for, Edelkind has never received, a copy of the "Aurora Loan Service Seller's Guide" referenced and incorporated in the Exhibit A documents. Exhibit A is, therefore, not the complete agreement between Fairmont and Lehman.

Edelkind moves to strike all of ¶ 8 of the Skogg Declaration and Exhibit B referenced in ¶ 8 for the same reasons advanced in connection with ¶ 6.

Edelkind moves to strike all of ¶ 9 of the Skogg Declaration and

Exhibits C, D and E, referenced in ¶ 9 for the same reasons advanced in connection with ¶ 6.  Edelkind further notes that the Exhibit C "Purchase Advice," although apparently on Lehman Brothers Bank FSB letterhead, refers to a "Net ALS Price."  "ALS" is the acronym for Aurora Loan Services.  Edelkind further notes with respect to Exhibit D that the payment made to Fairmont was by Aurora from an Aurora account.  Finally, Edelkind notes that Exhibit E does not support an assertion that Lehman deposited <u>the</u> funds into the Aurora account that were used to pay for the Edelkind Loan.  Exhibit E only reflects that funds, substantially more than the amount of the Edelkind loan, were wired from an account at Lehman Brother Bank, FSB, not that they were Lehman Brothers Bank, FSB funds.  Indeed, the reference in Exhibit E to Lehman Investment, Inc. and Treasury Network Management suggests that other entities were involved.  To the extent funds were Lehman Brothers Bank, FSB funds, they may have been funds designated as capitalization of the subsidiary as opposed to payments for any particular loans or set of loans.  In any event, the funds were wired the day after Aurora wired funds to Fairmont.

                                                JAMIE EDELKIND
                                                By his attorney,

                                                s/ Michael J. Liston
                                                _____
                                                Michael J. Liston BBO# 301760
                                                2 Park Plaza, Suite 610
                                                Boston,  MA  02116
                                                (617) 426-2281

July 5, 2005