UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMIE EDELKIND, )<br>           defendant. )<br>) | CRIMINAL NO. 04-10066-MEL |

UNITED STATES' SUBMISSION REGARDING RESTITUTION

As directed by the court, the United States, by its undersigned counsel, submits this memorandum to address the issue of restitution in the above-captioned case.

Paragraph 114 of the Pre-Sentence Report correctly notes that the amount of restitution outstanding is the unpaid principal of the fraudulently procured loan, i.e. $3,298,197.45.

The United States notes that the Victim Impact Statement submitted by Aurora Loan Services lists a somewhat higher figure. The Victim Impact Statement enumerates a variety of cost items in an effort to estimate the total losses suffered by Aurora/Lehman Brothers Bank, FSB. Thus, the victim impact statement sets forth the current "loan pay-off" amount for the mortgage in question (which includes unpaid interest, attorney fees, late charges and similar items), as well as anticipated costs associated with foreclosing upon, appraising and selling the house located at 940 Nantasket Avenue, Hull, Massachusetts, which was mortgaged as collateral for the fraudulently-obtained loans at issue in this case. While such losses are undoubtedly compensable in a civil setting, they appear to exceed the direct damages compensable under the restitution statute, 18 U.S.C. §3663A. See generally United States v. Seward, 272 F.3d 831, 839 (7th Cir. 2001) ("In calculating both the intended loss amount for the Sentencing Guidelines and

the actual loss amount for restitution, the district court should include in the calculation all direct damages, but not include consequential or incidental damages.") (citations omitted).

With respect to the language of the judgment, the United States suggests that the Court should order that the full amount of Restitution, $3,298,197.45 be made payable "*In full immediately*" with a further provision that:

> *Any amount that the defendant is unable to pay now, that remains unpaid upon the completion of defendant's term of imprisonment, shall be paid in monthly installments, to be proposed in the first instance by the supervising officer, during the period of defendant's supervised release. While the supervising officer is called upon to propose a schedule for defendant's monthly installments, the Court retains all final authority to determine the payment schedule.*

See United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999) (remanding case for insertion into the judgment of "a phrase or sentence making this reservation of authority explicit").

To ensure that the defendant receives credit for any proceeds that may derive from the liquidation of the mortgaged collateral, the judgment should further provide as follows:

> *Defendant shall be given credit, for purposes of satisfying his restitution obligations, for any amounts ultimately paid to any victim/mortgage holder as a result of the forfeiture and liquidation of the residence at 940 Nantasket Avenue, Hull, Massachusetts. Such credit shall include all amounts paid on account of, or in satisfaction of, the mortgage and accompanying note, dated August 25, 2004, whether the payee is Fairmont Funding, Ltd., Aurora Loans Services, Lehman Brothers Bank, FSB, or an assignee of any of those entities. Defendant shall not be given credit, for purposes of satisfying his restitution obligations, for any*

*amounts that may be paid to non-victim lien-holders, such as taxing authorities, municipalities and others, who may receive payments as a result of the forfeiture and liquidation.*

Cf. United States v. Friedman, 143 F.3d 18, 22 (1st Cir. 1998) (payment of amounts owed to equitable lienholder from proceeds of sale of forfeited property was not part of restitution order).

                                                     Respectfully submitted,

                                                     MICHAEL J. SULLIVAN
                                                     United States Attorney

dated: July 8, 2005

                                        By: /s/Paul G. Levenson
                                            PAUL G. LEVENSON
                                            KRISTINA BARCLAY
                                            Assistant U.S. Attorneys
                                            John Joseph Moakley United States Courthouse
                                            1 Courthouse Way, Suite 9200
                                            Boston, MA 02210
                                            (617) 748-3147