UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL NO. |
| v.   ) | 04 − 10066 MEL |
| ) | |
| JAMIE EDELKIND ) | |

**DEFENDANT JAMIE EDELKIND'S SUBMISSION REGARDING RESTITUTION AND "ACTUAL LOSS" UNDER THE GUIDELINES**

**RESTITUTION**

An order of restitution must be based on a determination of actual loss to an identifiable victim. 18 U.S.C. §§ 3663 (a) and (c)(1)(B). "An award of restitution must be based on the amount of loss actually caused by the defendant's conduct." *United States v. Liss*, 265 F.3d 1220, 1231 (11th Cir. 2001). The calculation of loss for purposes of restitution is governed by statute. *United States v. Antonakopoulos*, 399 F.3d 68, 84 n. 14 (1st Cir. 2005). In this case, the relevant statutes are 18 U.S.C. §§ 3663A and 3664. Under 18 U.S.C. § 3664(e) the amount of the restitution must be determined by the court by a preponderance of evidence and "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the government."

The government suggests that there be an order of restitution in the amount of the unpaid principal of the underlying loan, with subsequent credits for recoveries to the "victims." In other words, the government

seeks an order of restitution that is not keyed to any determined loss but is rather keyed to the outer bounds of any possible loss. The relevant statutes do not permit such a procedure.

Under 18 U.S.C. § 3664(d)(5) there is a specific procedure for dealing with difficulties in determining the amount of a victim's losses −

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order.

The government has not demonstrated that there is any actual loss to an identified victim.[1] The government did not advise the court pursuant to 18 U.S.C. § 3664(d)(5) that the losses were not ascertainable. Under 18 U.S.C. § 3664(o) a "sentence that imposes an order of restitution is a final judgment." Under § 3664(o)(1)(C), the judgment may be amended "under subsection (d)(5)." The court can not enter a restitution order of a specific amount as part of its judgment because the government has not met the burden imposed on it under 18 U.S.C. § 3664(e) to demonstrate loss by a preponderance of the evidence. To the extent some demonstrable loss can be ascertained in the future, there is access to 18 U.S.C. § 3664(d)(5).

**"ACTUAL LOSS"**

Edelkind's Sentencing Memorandum focused on the fair market value of the collateral in the context of a "credit against loss" required by Application Note 3. (E) (i) and (ii) to §2B1.1(b)(1). However, that

---
[1] The government appears to identify "Aurora/Lehman Brothers" as the victim. If, however, this "victim" is reimbursed by Fairmont Funding it is not, to the extent of the reimbursement, a "victim."

calculation is logically distinct from the calculation of "actual loss" under §2B1.1(b).  Under Application Note 3(A)(i) "actual loss" means "the reasonably foreseeable pecuniary harm that resulted from the offense."

There is neither evidence nor any finding in the PSR that Edelkind did not honestly rely on the appraisals that asserted that the value of the property securing the loan was over $5,000,000.  There is no evidence that such reliance was not reasonable.  As reflected in Edelkind's Sentencing Memorandum, both Fairmont Funding and Aurora/Lehman endorsed the appraisals.

    JAMIE EDELKIND

    By his attorney,

    s/ Michael J. Liston

    _____
    Michael J. Liston BBO# 301760
    2 Park Plaza, Suite 610
    Boston, MA  02116
    (617) 426-2281

July 11, 2005