AFFIDAVIT OF JAMIE EDELKIND IN SUPPORT OF HIS MOTION TO RECUSE
JUDGE MORRIS E. LASKER

Now comes affiant, Jamie Edelknd, of his own free will, and makes this his sworn affidavit. Affiant asserts that he is free of mental defect, over 21, and has personal knowle e of the facts asserted and alleged herein.

Judge Lasker is a Federal District Judge sitting in the District of Massachusetts. Judge Lasker is currently the Judge presiding over the criminal case pending against affian

For reasons uncertain, Judge Morris E. Lasker has demonstrate bias against and prejudice towards the person of Jamie Edelkind, Affiant. Lasker has let this bias and prejudice sway and influence the ~~decisions~~ evidence and ~~commentary~~ credible testimony in the course of the proceedings against ~~Edelkind~~ Affiant, through illegal decision and unethical and prejucicial commentary. This conduct is in violation of Laskers oath of office and the law. Affia asserts the following to be true and substantive testimony regarding such bias and predjudice, Sufficient to merit recusal of Lasker from sitting in judgment of Edelkind, now and in the future.

1.      On February, 28th 2005, over contrary lawful due process and a pending motion by affiant; Lasker commenced a criminal trial against affiant. This trial was illegally set because the affiant was not given an arraignment, legally prescribed preperation time, or having a plea entered on his behalf Lasker refused to even inquire if Affiant had even been given a copy of the Information even if done informally.

2.      Affiant is of the Jewish faith and subscribes to a religious diet that proscribes certain foods, and preperation of foods that would otherwise be permitted. Despite twice daily pleas by Affiant, through his attorney, in open court, regarding the continual torture, by starvation, of affiant, by systematic and delibrate actions of the Marshal service, Lasker refused to order Kosher food to be made available. As a result, Affiant was non-compus-mentis during the full course of the trial. Affiant had been without food of any sor for 3 days prior to trial and during the additional 10 caland days of trial itself. Affiant was unable to participate of fully be aware of the nature of the proceedings against him at the time. Judge Lasker, finally, on the day of Jury deliberation, acquiesed and then ordered the U.S. marshal's to provide a vegetable sandwich to Affiant. Affiant continued to be deprived of food for an additional 4 days following the conclusion of the trial.

3.      During the course of the trial and in post-trial proceedings, Lasker made snide and prejudicial comments regarding the evidence and it's import. These comments were made during a time while the Jury was present and was clearly designed to sway and influence the verdict.

4.      Lasker interrupted and chastised Attorney for Affiant during closing argument's in a manner designed to diminish the credibility of Affiants attorney.

5.     In a post trial proceeding, during which the Affiant sought and received a court paid attorney, Lasker suggested, on the record improperly, that Affiant would perjure himself in order to get a court compensated attorney. This is despit any evidence or testimony or even allegation that the Affiant had in fact ever lied under oath or committed perjury.

6.     During the course of the sentencing proceedings, Lasker stated that he could apply a guidline enhancement to the sentence of the Affiant by application of relevant conduct. This assertion was made despite black letter application notes which specifically states otherwise. This was not just error since when counsel alerted the court, Lasker proclaimed "I can do what I want..."

7.     Over objection and request for clarification by affiant, Lasker refused to determine which if any Forfeiture statute controlled, and then contrary to the rules and the law, ordered forfeiture without a required hearing. This was done despite the contested nature of the action and over repeated written objection by counsel for Affiant. Lasker specifically adopted a motion by the Prosectution that in of itself failed to identify which Forfeiture statute applied to the action. To this date, Affiant is uncertain which statute is applicable and for which reason.

8.     During sentencing Lasker ordered restitution of $3,298,000.00 to be paid by Affiant. This order was specific ly

calculated and construed, contrary to law, in order to harm the Affiant. There was in fact no evidence offered to support this calculation, and the Judge failed to committ his reasons to the record. This order was entered despite, moments before, Lasker himself ~~found~~ finding the putative loss in the matter to be approximatley $700,000.00. The difference of $2,598,000.00 is clearly an unsupported attempt to proceed benefit a putative victim that the Affiant has since discovered to be a personal friend of the Lasker.

9.   Laker did fail to disclose that one of the putative victims in the action, was a close and personal friend of his. This was only determined post sentencing by disclosure by the putative victim directly, of the nature of the relatio hip, to affiants counsel.

Conclusion:

For these and other evidences, not enumerated herein, the Affiand states that Lasker is biased and prejudiced against the Affiant and can thus not fairly and impartially fulfill his duties as a Judge in any matters relating to the Affiant.

Under penalties of perjury, I make the foregoing statement of my own free will. This affidavit is made in accordance withe 28 U.S.C. § 455 (a) and ((b) (1), and must be assumed valed by virtue of below signatory swearing to the truth of it's statements.

SWORN AND SIGNED THIS THE 25th of August, 2005    _Jamie Edelkind_