EXHIBIT A

THE SUPREME COURT OF THE
UNITED STATES OF AMERICA

| | |
|---|---|
| JAMIE EDELKIND<br>PLAINTIFF<br><br>V.<br><br>MORRIS E. LASKER - U.S. Distict Judge Ma.<br>The UNITED STATES OF AMERICA<br>The UNITED STATES CONGRESS<br>The UNITED STATES DEPARTMENT OF JUSTICE<br>The UNITED STATES ATTORNEY GENERAL<br>The UNITED STATES DISTRICT COURT, Ma.<br>PAUL LEVENSON - ASSISTANT U.S. ATTORNEY, MA.<br>MICHAEL SULLIVAN - U.S. ATTORNEY, MA. | Supreme Court Original Action<br>(Article III Jurisdiction)<br><br>Plaintiffs<br><br>Original Jurisdiction Civil Action<br>Pursuant to Article III of the<br>U.S. Constitution:<br>Complaint for injuctive relief,<br>Monetary damages, Impeachment<br>proceedings, and Due process<br>violations of Plaintiff civil<br>rights as provided for §1983 |

COMPLAINT FOR DAMAGES AND OTHER RELIEF

The Plaintiff, Jamie Edelkind, in the above captioned matter, seeks and an adjudication of argument and facts for appropriate relief in comportment to Constitutional provisions and statutory law By way of reference and reincorporation (exhibit a, Plaintif peteition for leave to file) and (exhibit b, Plaintiffs brief in support of Plaintiffs leave to file) are attached hereto. Plaintiff relies on these two exhibits as constituent components of the complaint as iff full restated hereinxhrein herein.

Allegations:

1.      Defendants have willfully engaged in a pattern of anti constitutional and unlawful conduct, in violation of the pertinent oaths of office, and thus the civil rights of the plaintiff,
To whit:

 a.  The Defendant, Congress, has created a class of Nobility proscribed by the constitution of the United States

by appointing Judges for "life" terms, and in so dong put Plaintiff in the position of having to bring this action to preserve an protect his rights.

    b. The Defendant, Lasker etal have directly or through deliberate oversight or by willful breach of law deprived plaintiff of Due Process of law by:

        i. 6th amendment violation - failure to state an an offense in charging documents.

        ii. 5th, 6th, 14th, amendment violations - due process violations by lack of arraignment and pleas, and speedy trial act.

        iii. 1st and 8th amendment violation- Starving and torturing Plaintiff because of religious beliefs and practices, during the criminal action undertaken against Plaintiff by Defendants.

        iv. 5th amendment violation - Coerced and altered proscribed document containing putative confession in violaton of court rules: 20 and the 5th amend.

        v. 5th amendment violation - illegal frfeiture orderd without regard for due process; not charging properly, not determining which statute applies, not having a prescribed and required hearing, by not having a clear judicial record supporting the forfeiture.

        vi. 6th amendment violation - Failure to notify Plaintiff of criminal charges pending against him.

        vii. 5th and 6th amendment violation - Coerced information from Plaintiff while in unmaranded custody, which led to new investigagion and charge in the underlying criminal case.

2.      Defendants have conspired together to creae a system that is biased in favor of conviction and sentencing.  They have created a system of laws and rules that give plnary power to an unmonitored class of Nobility, that can dnd do with con[sp]icuous disregard, flaunt constituional protections.  Federal judges are defacto liege lords of special social prominance in viola[ti]on of the U.S. Constituion.

3.      Defendant Lasker in violation of his oath of office, did fail to disclose a material personal relationship, to a putative victim.  He did thus and in other ways intefer with the Plaintiffs defense to the criminal action and make prejuc[d]ial commentary regarding the Plaintiff in front of the Ju[ry].

4.      Defendant Lasker etal engaged in an illegal applicati[on] of sentencing determination despite spedicif application inst[ru]ctions and notes, and a black letter reading of the U.S. Sendencing Guidelines.  This was done solely to support the Prosecutions wish for a harsh sentence and failed to then rule on his fir[di]ngs of law as to the reasons underlying his application of this enhancement.

5.      Defendant Levinson, Sullivan and Lasker, did conspire together to deprive Plaintiff of his 1st, 4th, 5th, 6th, 8th, and 14th amendment rights by denying him lawfully prayed for relief; by bypassing his rights to constituional and statutor[ia]l due process; by illegal search and sidure; by manipulation of statutorialm, rule and procedural guidance; by seeking punish[me]nt as opposed to justice as sworn in the Defendants oath of office.

6.      Defendant Congress in creating laws of sinecure for Federal Judges, have exceeded the constituional boundaries of

Article 1 cl. 9 (p8) by creating a class of Nobility and conferring this title upon select individuals and thus elevating them in permanent stature amongst the rest of society. This is an unconstitutional construction and mandates that this action. The Plaintiff asserts that such laws providing for any sinecure or lifetime appointments be repealed or amended to comprt with the Constitutional prohibition and appropriate provisons thereof. This includes the constitutional provision that the "salaries of Judges of the Supreme Court shall not be reduced during service." Not that they shall receive a sinecure for life not withstanding service.

Cause of Action:

7.    The Plaintiff alleges conspicuous and willful violations of the duties and oaths of office by Public ministers. Defendants Congress, Defendant Lasker, Defendant USAG are by their duties public ministers; having to uphold specific laws and prescribed duties. The Plaintiff alleges as reincorporated as if fully restated here that the Defendants have willfully and with knowledge violated these sworn oaths.

8.    The Plaintiff alleges conspicuous and willful violations of the duties and oaths of office by Public officials, namely: Defendant Levenson, Defendant Sullivan, Defendant USAG. by their single minded goal of conviction and punishment in disregard for the law and Justice.

9.    The Plaintiff alleges conspicuous and willfuld and deliberate lack of oversight of Public officials and Ministers by both Public Ministers and Public officials. Defendnts U.S. Congress, U.S.A., USDC, USDOJ have failed to put in place proper governance to prevent misuse and abuse of position by their officials,

agents and employees.

10.     The Plaintiff alleges that his rights as defined in the U.S. Constitution have been deliberately usurpped, ignore and sundred out and thruugh both incompetence and delibereate indifference and malice. During the course of Plaintiff's tr  al and sentencing, he relied upon the application of statutory and constituional law. Howver, since this reliance invonveir  ced the court and the prosecution, The court avoided the law comp  tely and acted with plenary powers to seek the ends of justice per  nally mandated noi those mandated by law or societal imperative.

11.     The Plaintiff alleges that willful violations of his civil rights have cost him his liberty, his property, his fre   om to practice his religion, his rights to due proces of law, as well as subjected him to cruel an inhuman punishment and exce   ive fines, all by deliberate action and inaction of the Deendants

12.     The Plaintfff alleges that in constructing inferior courts, that tCongress has created a Nobility class not subje   to democratic process in violation of the Constituion. Since the judges of the federal courts, serve pursuant to an emollu   nt of a title of Nobility and no at competent or comported juris prudence. This is a willful unconstituional piece of ledgede   in in anticipated gerrymandering of policy.

13.     The Plaintiff alleges that these excess's are contrar   to law and the principles embodied in the U.S. Constitution. Further, the Plaintiff avers that the only court able to gran   the relief prayed for is the US Supreme Court as pled herein.

Jurisdiction:

14.     The primary Defendant, Morris E. Lasker, is a sitting U.S. District Court Judge. It is a well established dictum

of jurisprudence and law, that one cannot be tried in his own court. Since, Defendant Lasker is a life-time applintee, subject only to serving as to "goog bahavoir" and the relief sought is not just his removal due to incompetency or mental abberation, but, also encompasses teh re-examination of the whole concept of life-time appointments for singular judges; no inferior court exists that can hear this matter. The Plaintiff intends to challange and suggest that Congress, inxx establishing a special class of persons has created a defacto Nobility in violation of the U.S. Constitution. US District court Judges cannot be fined, they can presently only be impeached by congress. They also have no mandatory retirement or competency requirements for which an objective test can dtermine the fitness of a sitting judge. The Plaintiff intends to assert that this concept is an anachronism that has no place in the presnt day and is specifically against Constituional intent. In as much as interperting the Constituion for Congress is solely the job of the U.S.S Supreme Court, jurisdiciotn is firmly and propery asserted.

15.     Specifically the Constituion in Article III provids that suits involving Public Ministers are to be heard by the Supreme Court. The Plaintiff is unable to find any controlling rulings out of the Supreme Court that limit the interpretaion of "public ministers" as to ONLY be Foreign ministers. Therefore, the Plaintiff looks to both legal and common undrstanding of the Constituional language. The Plaintiff asserts that a "Public Minister" is any official that is either apponted or elected to promulgate dutes and directives absent oversight save from statute or Constituional law for the general service of society. This distinguishes an employee who takes directon ffom an authority of some person entity. Defendant Lasker, Defendant Congress,

Defendant DOJ, Defendant U.S.A.G are all public ministers [the]re is no inferior court that can adjudicate the Plaintiffs actio[n] against the listed defendants.

16.     The XIth amendment avails the parsimonious applicatio[n] of original Supreme Court jurisdicion. It allows for an infe[ri]or court to hear and adjudicaste certaion cases that otheriwse would be exlusively the provence of teh Supreme Court provide[d] that thex inferior court can grant the relief prayed for. Ho[we]ver, teh issues and defendants invoved in the Plaintiffs action pr[ec]lude any substitute jurisdiction. FurhherThe judgment prayed for is not available in any other jurisdiction and an inferior co[ur]t would have to dismiss virtually all the Plaintiffs action sir[ce] the Court would be without ability to grant the Plaintiffs so[ug]ht after relief.

Ripeness:

17.     The damage done and accruing to the Plaintiff is quan[ti]fiable and the record is perfeced as to the cause of acton and causa[ti]on thereof. The plaintiff is praying for damages, injuctive rel[ie]f and directed findings of law. Thes prayers can be adjudicat[ed] from the rpesent state of the facts despite the ongoing natur[e] of the defendants meretritious conduct. Further, this court can mitigate the ongoing damages and irect her parties towar[d] an appropriate conclusion; Wheras, no other court can assert proper jusrisdicion over theissues promulgated herein.

18.     Any delay in joining this action will do increasing harm to the Plaintiff and others in his and similar position. This court has a duty to swiftly adjudicate the matters herei[n] as the issues presented raise substaintial questions of law and fact that can and does affect society as a whole.

Facts:

19.     Plaintiff was prosecut3ed by means of a series of Informations propoynded by Defendant Levenson and Defendant Sullivan, on behalf of Defendant U.S.A., alleging bank fraud uncer 18 U.S.C. §1344, as well as 18 U.S.C. §981 civil forfe ure, and 28 U.S.C. 2461 (c), and 18 U.S.C. §853. (Plaintiff notes the issue of whether the forfeiture is "criminal " is still unresolved and is a basis for his ongoing appeal)

20.     The first "Information" was submitted to Plintiff, who subsequently waived indictment. This information was superseded by ax "Second Superseding Infpomation" and propou ed for waiver of indictment, contemporaneous with the start of the trial. This information contained new charges that allegedly occured 6 months after the original information was filed. It is undisputed that Defendant had no knowledge of the new charges until after teh commmencement of the tial. This , despite the courts receipt and denial of Plaint ifs petition for continuance due to hisnot havéng any trial preperation time or notéce as to the charges alleged against him.

21.     Plaintiff was convicted of all counts at a trial by jury before Defendant Lasker. This occured despite numerc overruled objections as to the manner in which said trial was conducted, the nature of the chrges, the admission of evidence and other too numerous issues.

22.     DEfendant Lasker, without any prescribed due process hearing, also subsequently entered an order of forefèiture in violation of the rules of the court, the controlling statutory laws, as well as without determining which statute the Court relied upon in finding for forfeiture in the first

place.

23.    DEfendant Lasker subsequently sentenced plaintiff to a term of 60 months incarceration, 3 years supervised release, and restitution in the amount of $3,298,000.00 in specific contrevention of supporting efvidence and absent color of law or recorded judicial fact finding based upon evedence or a hearing thereupon.

FActual Allegations:

24.    By failing to conduct any arraignment whether formal or informal or to seek a plea or enter a plea on behalf of the Plaintiff, Defendants Lasker violated the Plaintiffs 6th amendment, 5th amendment and 14th amendment rights. It is a matter of record that the Plaintiff sought a continuance just prior to the trial date, by filing with teh court (exhibit A) his motion that so stated reasons articulating a genuine lack of knowledge as to the charges or consequenc thereof, lack of preperation, lack of dialogue with counsel, lack of discovery, and lack of being furnished a copy of the proposed information. Defendant Lasker, without inquirii of Plaintiff the status of his preparedness or ensuring that the personal 6th amendment right of the Defendant to be apprised of the charges, dismissed Plaintiffs lawful motion, without any notice to defendant.

25.    Defendant Lasker, entered an illegal "preliminary order of forfeiture" in violation of Plaintiff's 5th, 6th and 14th amendment rights and of the rules of the court as well.

Plaintiff was entitled to a hearing to determine:

    i.  The appropriate amount of forfeitu

    ii.  The nexus of the property to be

fxxx      forfeeted.

    iii. The propery interest to be forfeit .

    iv.  The appropriatness of forfeiture

xxxx      despite being mis-pled in the info ation

inxx

It is undisputed that no hearing as provided by law was held. Therefore the Defendants operated outside the color of law in seeking to , and did in fact, deprive defendant of his Constituional rights to due process. It is also undisputed that to this date there is not even a clarifying statement as to what satute of forfeiture applies.

26. Despite substantial legal objections, the Defendants Lasker and Levenson conspired together to illegally manipula a  guideline calculation to ensure the support for a draconi sentence to be imposed upon  the Plaintiff.. In fact Defenda Lasker had made a prepared  sentence determination, that he eead tnto the record, that was prepared prior to the sentencing jaxing hearing and Priop to Plaintiffs allocution Defendant Lasker rendered the sentencing hearing a farce inasmuch as he had alrady determined the sentence with speci :ity prior to the hearing. This is a clear due process and statu :ial violation.

27. Defendant  Lasker  and Levenson did support each other in an illegal computation and valuation of loss and the value of the collateral in question without an evidentia: hearing and by speculation absent evidence and facts. Such speculation resulted in an unsupported restitution order and an anomolous sentncing range having no support in the

record. Further, Lasker and Levenson refused to apply commo
and statutory law to the "facts" of t he case in order to
"berid" of the case. Together they did illegally apply
the entencing enhancement that was in fact  proscribed by
the  acknowledged and undiputed facts.

28.  The Defebdants et al failed to insure that the Const   ution
and duties of all defendants were comported with the appropr   te
rules and statutory law.  As such they abrogated any color
of law under which they operate, inasmuch as their lack
of oversight and control was deliberate and per-se negligent
The defendants have and continue to  maintain the validity
of their conduct not withstanding, citation, argument, and
pleading of the plaintiff that is base on clear statutory
add constitutional mandate.


Relief:
29.  Plaintiff does not intend to litigate his criminal
appeal herein, but  just provides the factual allegations
to  assist the Defendants in preparing their defens.  The
Plaintiff seeks relief in the form of:

   a.   an injunction and sanction against Lasker
and Levenson to keep them from participating in litigation
involving any criminal matters as agents of the U.S. Governme   .

   b.   a finding tht the terms, sinecure and lack
of qualification for Federal Judges is unconstitutional
and must be modified.

   c.   Damages to be awarded to the Plaintiff in
an amoun of $100,000,000.00( one hundred million dollars)
of actual damages for deprivation of liberty, civil rights
violations, loss of property and income, emotional and psychc   gical

distress and costs associated with this action.

  d. Punative damages in an amount assessed against eaxh defendant sufficiant to ensure that the Defendants will not engage in similar conduct in the future.

  e. a recommendation to the Senate to commence impeachment proceedings against Defendant Lasker and to deprive him of his sinecure and hold him personally liable for monetary damages and other sanctions.

  f. Specific findings of law as to the constitutio lity of stutory laws that provide for dispensation of titles of Nobility and sinecure, and where appropriate, direct such findings to Congress to re-draft such laws as necessary to comprt with the holdings herein resolved.

  g. that Plaintiff receive a hand written and signed letter of apology from Defendant Lasker for his hubri in making improper and illegal findings in and during the course of Plaintiffs trial in Defendants court.

  h. For anyand all other relief that the court deems necessary and proper, given the circumstances herein acknowledged.

30. The Plaintiff demands that a trial on the merits by a jury of 12 be had and administerd in accordance with law and the rules of the court, and that he be commanded to appear for any and all hearings and confĕrences.

       Submitted and signed Pro-Se, Jamiek Edelk  d

       _____ August 25, 2005