UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10066-MEL

UNITED STATES OF AMERICA,
        Plaintiff,

v.

JAMIE EDELKIND,
        Defendant.

### LEHMAN BROTHERS BANK, FSB'S EXPEDITED MOTION TO MODIFY ORDER OF FORFEITURE AND ALLOW LEHMAN BROTHERS BANK, FSB TO FORECLOSE ON THE PROPERTY LOCATED AT 940 NANTASKET AVENUE, HULL, MA

Now comes Lehman Brothers Bank FSB (hereinafter "Lehman"), the holder of the first mortgage in connection with the property located at 940 Nantasket Avenue, Hull, MA in the above-captioned matter and files this Motion to Modify the Order of Forfeiture in connection with the Property. Lehman seeks permission to foreclose upon its mortgage interest, pay its loan, and deposit any remaining surplus with this Court for distribution as determined by this court.

As grounds therefore, Lehman references the Memorandum of Law filed herewith, along with the claim previously filed with this Court by Lehman.

**WHEREFORE,** the Petitioner, Lehman Brothers Bank FSB, respectfully requests that this Court:

1. Allow Lehman Brothers Bank, FSB to take all actions necessary to comply with the statutory requirements for its Foreclosure Sale of the Property;

2. Allow Lehman Brothers Bank, FSB to pay itself in full from the funds generated by the foreclosure of the Property; including payment of the attorney's fees and costs incurred in the foreclosure process and in connection with the Mortgage, and of modifying the effect of this Court's Preliminary Order of Forfeiture;

3. Allow Lehman Brothers Bank, FSB to deposit any remaining funds after satisfaction of its mortgage with the United States District Court, District of Massachusetts;

4. Schedule a hearing on this matter if necessary; and

5. Grant such further relief as this Court deems just and proper.

> Respectfully submitted,
> **LEHMAN BROTHERS BANK, FSB,**
> By its attorneys,
>
> _____
> Veronica C. Viveiros
> BBO# 631233
> David M. Rosen
> BBO#552866
> HARMON LAW OFFICES, P.C.
> P.O. Box 610389
> Newton Highland, MA 02461-0389
> (617) 558-0500

September 26, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10066-MEL

UNITED STATES OF AMERICA,
      Plaintiff,

v.

JAMIE EDELKIND,
      Defendant.

### LEHMAN BROTHERS BANK, FSB'S MEMORANDUM OF LAW IS SUPPORT OF ITS EXPEDITED MOTION TO MODIFY ORDER OF FORFEITURE AND ALLOW LEHMAN BROTHERS BANK, FSB TO FORECLOSE ON THE PROPERTY LOCATED AT 940 NANTASKET AVENUE, HULL, MA

Lehman Brothers Bank, FSB (hereinafter "Lehman") is the current holder of the first Mortgage on the property located at 940 Nantasket Avenue, Hull, MA. The United States brought this action to obtain forfeiture of the assets of the Defendant, Jamie Edelkind. This Court issued a Preliminary Order of Forfeiture on June 7, 2005. On or about July 12, 2005 this court sentenced Edelkind and entered an order of forfeiture. Following sentencing, Lehman was served with the Preliminary Order of Forfeiture in mid - July 2005. In response, Lehman filed a Claim and Request for Declaration that its lien was prior to all other liens, as it is the holder of the first mortgage. As of August 31, 2005, Lehman was owed $3,595,317.05, almost three million dollars ($3,000,000.00) **more than** the last appraised value of the Property at one million ($1,000,000.00) dollars.

Jamie Edelkind (hereinafter "Defendant") has filed an appeal of the Amended Judgment and order of forfeiture imposed by this Court. This appeal will effectively freeze the forfeiture action and

will result in an indefinite period of delay for sale of the Property. The United States Attorney will not direct the United States Marshal's office to sell the Property until the outcome of the Defendant's appeal currently pending with the United States Court of Appeals for the First Circuit is resolved. The concern being that the status quo be maintained in case the Appeals Court reverses the Forfeiture order or the sentence imposed by this Court.

Notwithstanding the appeal, there is no reason why Lehman should not be permitted to foreclose its mortgage interest. If the United States prevails on the appeal, the property will be sold. Based upon the appraised value of the property and based upon the Court's valuation of the property, the United States does not have an equity interest in this asset. The Marshal's office would be selling the property solely for the benefit of Lehman. If Edelkind prevails on his Appeal, he would still be in default on his mortgage. Contractually, Lehman has the right to foreclose. Thus, Lehman is the only party prejudiced by delay. Lehman's debt continues to grow with accrued interest on a daily basis.

Moreover, any further delay of the sale of the Property is unreasonable as the Property is currently abandoned and will continue to decrease in value, especially if it is damaged during the upcoming Winter season. There is the real possibility that the Property will suffer storm damage, because it is near the ocean in Hull, MA. If the sale of the Property is delayed it will only result in further prejudice to Lehman's ability to collect what it is owed from any sale of the collateral Property.[1] Therefore, Lehman requests that the Court issue an order allowing Lehman to pursue its foreclosure of the Property.

As additional background facts in support of this motion, Lehman states as follows:

---

[1] The most recent property values show that the property is worth only $1,000,000.00. However, as of August 31, 2005, Lehman was already owed **$3,595,317.05.**

2

1. On or about August 25, 2004, Linda Edelkind, executed a Note in the original principle amount of $3,300,000.00. A true and accurate copy is attached hereto as Exhibit A.

2. On or about August 25, 2004, Linda Edelkind executed a Mortgage in the original principle amount of $3,300,000.00 secured by the Property. A true and accurate copy is attached hereto as Exhibit B.

3. Lehman Brothers Bank, FSB (hereinafter "Lehman") is the legal and beneficial owner of the first mortgage with respect to the Property, and the current holder of the Note and Mortgage executed by the defendant's spouse, Linda Edelkind. See true and accurate copy of Declaration of Rick Skogg attached hereto as Exhibit C. The original Declaration is already on file with the Court.

4. Lehman had no knowledge of any alleged wrongdoing by Linda Edelkind or Jamie Edelkind, and should not be prejudiced by their misconduct.

5. As the holder of the first mortgage, Lehman is entitled to the innocent owner defense. *21 USCS §881 (a)(7).*

6. The debt owed to Lehman should be satisfied in full before the Property, or any funds from the sale of the Property are distributed or confiscated by any party.

7. The amount owed to Lehman on the Mortgage, good through August 31, 2005, is $3,595,317.05. The interest continues to accrue and the per diem interest is $813.25. See Exhibit D payoff letter, and Exhibit E Itemization of Recoverable Corporate Advance Balance History and Escrow Advance Balance History.

3

8. Lehman conducted an appraisal on April 20, 2005. Said appraisal report indicates the value of the property to be $1,000,000.00 (One Million Dollars). A true and accurate copy of the appraisal is attached hereto as Exhibit F.

9. At the sentencing hearing, the court valued the property at $2.5 million. Even at this value, the United States' interest in the property is unsecured by over $1.0 million dollars.

10. As the sale of the Property is not likely to generate sufficient funds to pay Lehman in full, it is unlikely that there will be any funds remaining for distribution to any other parties.

11. If Lehman's request is denied, the amount owed to Lehman will continue to increase, and the value of the Property will continue to deteriorate.

**WHEREFORE,** the Petitioner, Lehman Brothers Bank FSB, respectfully requests that its motion be allowed.

Respectfully submitted,
**LEHMAN BROTHERS BANK, FSB,**
By its attorneys,

Veronica C. Viveiros
BBO# 631233
David M. Rosen
BBO#552866
HARMON LAW OFFICES, P.C.
P.O. Box 610389
Newton Highland, MA 02461-0389
(617) 558-0500

4

September 26, 2005

Q:\VCV\Federal Forfeiture matters\Edelkind Motion to Sell Forfeiture action.doc

5