# EXHIBIT B



UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )    Criminal Action
                               )    No. 04-10066-MEL
vs.                            )
                               )
                               )
JAMIE EDELKIND,                )
                               )
        Defendant.             )
                               )

**SENTENCING HEARING**

BEFORE THE HONORABLE MORRIS E. LASKER
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
John J. Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210
July 12, 2005
10:14 a.m.

* * * * * *

CATHERINE A. HANDEL, CM
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5205
Boston, MA 02210
(617) 261-0555

1          MR. LEVENSON:  I do, your Honor.

2          THE COURT:  All right.  I think I'm ready to
3  proceed.  Mr. Edelkind, would you stand, please.

4          (Defendant stands.)

5          THE COURT:  Mr. Edelkind, you are here for
6  sentencing on conviction of defrauding a bank and aiding and
7  abetting in violation of 18 United States Code Section 1344 and
8  Section 2.

9          I start with calculation of the guidelines because
10 even though they're not binding any more, they are a take-off
11 point for us to proceed.  Calculation as to an appropriate
12 guideline range is, by the terms of the guidelines,
13 significantly affected by the amount of the loss to the victims
14 or the gain to the defendant.

15         The government and defense counsel have submitted
16 appraisals of the property at 940 Nantasket Avenue in Hull
17 which are very different from each other.  The government
18 argues that the value of the property is approximately $2
19 million and the defendant argues that it's $5 million.  Since
20 an exact value of the property cannot be determined until it is
21 sold, I have concluded that it is appropriate for this purpose
22 today to calculate the guidelines and to value -- I mean, for
23 calculating the guidelines to value the Hull property at $3
24 million, for which $500,000 should be subtracted to the cost of
25 restoring the property to salable condition.  Accordingly, for

1   the purpose of guideline calculation, I conclude that the
2   property should be valued at $2.5 million.
3          I come now to reviewing the guidelines with that
4   valuation in the proposition.  First, the base offense level is
5   seven under Section 1B1.3(a)(1)(A).  To be added to that,
6   specific offense characteristic.  Since the loss amount is more
7   than $1 million, and I so find, but less than $2.5 million, a
8   16 level increase is warranted.
9          We go on to specific offense characteristics.
10  Since the defendant derived more than $1 million in gross
11  receipts from more than one financial institution, a two level
12  increase is required.  The adjusted offense level is,
13  therefore, 25 and the total offense level is 25.
14         On that basis, with a criminal history category of
15  three, as to which I don't think there is a dispute, the
16  advisory guideline range is between 70 and 87 months, and the
17  fine range is between $10,000 and $4 million.
18         In the case at hand, it is arguable that a
19  departure downward might be warranted under Section 4A1.3(b)(1)
20  on the grounds of the defendant's criminal history category
21  substantially over-representing the seriousness of the
22  defendant's criminal history or the likelihood that he will
23  commit other crimes.
24         The sentence which I am about to impose, therefore,
25  might be regarded as a departure under the guidelines, but also

1    as a reasonable sentence imposed under *United States v.*
2    *Booker*.  Accordingly, it is the judgment of the Court that the
3    defendant, Jamie Edelkind, is hereby committed to the custody
4    of the Bureau of Prisons to be imprisoned for a term of 60
5    months.  This term consists of terms of 60 months on each count
6    to be served concurrently.
7         Upon release from imprisonment, the defendant
8    should be placed on supervised release for a term of three
9    years.  This term consists of three years on each count, also
10   said terms to run concurrently.  Within 72 hours of release
11   from custody of the Bureau of Prisons, the defendant shall
12   report in person to the district to which the defendant is
13   released.
14        It is further ordered that the defendant shall make
15   restitution to the following parties in the following amounts:
16   Lehman Brothers/Aurora Loan Services in the amount of
17   $2,348,256.54.  This amount is calculated by deducting the
18   valuation of the property by the Court of $2.5 million the sum
19   of $1,802.55, constituting repayment of the principle prior to
20   detection of the offense and $149,940.91, consisting of
21   settlement payments that were never received by the borrowers.
22        Any amount that the defendant is unable to pay now
23   that remains unpaid upon the completion of the defendant's term
24   of imprisonment shall be paid in monthly installments to be
25   proposed in the first instance by the supervising probation