UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>JAMIE EDELKIND, )<br>              defendant. ) | CRIMINAL NO. 04-10066-MEL |

UNITED STATES' OPPOSITION TO DEFENDANT'S
"MOTION TO CONFORM THE RECORD"

      The United States, by its undersigned counsel, opposes Defendant Jamie Edelkind's Motion, Pursuant to FRAP 10(e), To Conform the Record to Disclose Fully What Occurred in the District Court.

      Whatever it is that Defendant seeks, it is decidedly <u>not</u> to correct an omission or error in the record. Defendant does not contend that the transcript is inaccurate or otherwise fails to reflect what was said in Court. Rather, defendant simply continues, by a slightly different avenue, his dispute as to the Court's calculation of loss and restitution amounts.

      In that the Court's ultimate findings differed from both parties' positions, it is unsurprising that both parties might wish the Court to reconsider or re-word aspects of its judgment. But that is not the purpose of F.R.A.P. 10(e), which is plainly aimed at the more mundane matter of ensuring the accuracy of the record.

      Motions to correct or to revise the terms of a judgment – as Edelkind now seeks to do – are governed by Rule 35(a) of the Federal Rules of Criminal Procedure. Assuming the relief Edelkind seeks were within the ambit of Rule 35(a) – which seems doubtful at best – the time for such a motion is long past. The rule imposes a strict 7-day limit on the time for correcting "a sentence that resulted from arithmetical, technical, or other clear error." F.R. Cr. P. 35(a). To

the extent that Edelkind suggests that the Court's estimate of the value of the collateral at issue in this case reflected a mathematical error – rather than a simple estimate by the Court – the putative "error" was entirely obvious at the time of sentencing.[1]

As the First Circuit has noted, "A lawful sentence, lawfully imposed, becomes final when judgment is entered; and Fed.R.Crim.P. 35 was deliberately amended to restrict the opportunity for a district judge to revisit thereafter a lawful sentence lawfully imposed." United States v. Aqua-Leisure Industries, Inc. 150 F.3d 95, 96 (1st Cir. 1998).

The matter having been appealed, this Court is without jurisdiction to re-open the sentencing hearing or otherwise revise the record statement about the Court's reasons for the sentence. If corrections or amendments are required, the Court of Appeals can remand the matter to this Court for that purpose.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

dated: December 15, 2005

                            By: /s/Paul G. Levenson
                                PAUL G. LEVENSON
                                KRISTINA BARCLAY
                                Assistant U.S. Attorneys
                                John Joseph Moakley United States Courthouse
                                1 Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3147

---

[1] Nothing in the memorandum from Probation, which Edelkind attaches as Exhibit A, to his current motion is needed to figure out the obvious point that the Court's estimate of value, $3,000,000, lies slightly closer to the government's position than to the defendant's.