UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|  | ) CRIMINAL NO. |
| v. | ) 04 – 10066 MEL |
|  | ) |
| JAMIE EDELKIND | ) |
|  | ) |

**DEFENDANT JAMIE EDELKIND'S RESPONSE TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO CONFORM THE RECORD**

The defendant's motion seeks only to assure that the record reflects what actually occurred in the district court. FRAP 10(e) (1) and (2) is the appropriate mechanism for achieving this goal. The motion does not request a reopening of the sentencing hearing or a revision by the district court of the sentence imposed. There is no jurisdictional bar to this court's consideration of the defendant's motion.

The July 7th Howard-Hogan Memorandum is part of the record. In two places it contains plainly erroneous calculations relevant to guidelines sentencing. The calculations the court announced at defendant's July 12th sentencing match the calculations contained in the Howard-Hogan Memorandum in each of those two places. With respect to one of the places, the court's corresponding error is clearly reflected in the record. With respect to the other, a corresponding error does not appear in the record because the court announced only an ultimate calculation without repeating the erroneous arithmetic upon which the calculation was based. More

specifically, the court simply asserted a $3 million value on the Hull property − before deductions for repairs − but the Memorandum defined a $3 million valuation as the mid-point between $2 million and $5 million.  Of course, the mid-point is $3.5 million, not $3 million.

At the very least, the Howard-Hogan Memorandum creates a significant ambiguity within the current record on appeal.  Only the district court can resolve the ambiguity.  If the district court repeated the error manifested in the Howard-Hogan Memorandum, the record should reflect that fact.  In addition, the defendant has assumed that the Memorandum was a response to instructions from the court and not an independent suggestion from Probation which the court followed.  If it were the latter, it was effectively an addendum to the Presentence Report which should have been disclosed to the parties pursuant to 18 U.S.C. § 3552(d).  *Cf. United States v. Craven*, 239 F.3d 91, 102 (1st Cir. 2001).

JAMIE EDELKIND

By his attorney,

s/ Michael J. Liston

_____
Michael J. Liston BBO# 301760
2 Park Plaza, Suite 610
Boston,  MA  02116
(617) 426-2281

Dated:  December 20, 2005