UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) </br> ) </br> ) </br> ) CRIMINAL NO. </br> ) 04 – 10066 MEL </br> ) </br> ) </br> ) |
| v. | |
| JAMIE EDELKIND | |

**STIPULATION PURSUANT TO FRAP 10(e)(2)(A) TO
CORRECT OMISSIONS FROM TRIAL RECORD**

The government and the defendant Jamie Edelkind ("Edelkind"), pursuant to FRAP 10(e)(2)(A), stipulate that Edelkind's "Motion for Judgment of Acquittal," a copy of which is attached hereto, and Edelkind's "Request for Instructions," a copy of which is also attached hereto, have been accidentally omitted from the record of the district court.

The government and the defendant further stipulate (1) that the Motion for Judgment of Acquittal was submitted to the trial court at or before the close of the government's case in chief and that reference to the written motion is reflected at Trial Transcript, Day 6, pages 14-15; and (2) that the "Request for Instructions" was submitted to the trial court prior to the court's instructions to the jury and that reference to the request is reflected at Trial Transcript, Day 6, page 3.

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*   *[signature]*
PAUL G. LEVENSON             MICHAEL J. LISTON
KRISTINA BARCLAY             BBO# 301760
Assistant U.S. Attorneys     2 Park Plaza, Suite 610
United States Courthouse     Boston, MA  02116
1 Courthouse Way, Suite 9200 (617) 426-2281
Boston, MA  02210            Attorney for defendant
(617) 748-3147

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES        )
                     )
v.                   )    Crim. No. 04-10066-MEL
                     )
JAMIE EDELKIND       )

## MOTION FOR JUDGMENT OF ACQUITTAL

Now comes the defendant Jamie Edelkind and respectfully moves this Honorable Court to enter judgments of acquittal in the above-named case on the grounds that the government has failed to meet its burden as a matter of law. The defendant further says that the government has failed to prove that America's Moneyline, Country Wide, and Fairmount Funding were financial institutions and thus reference to said institutions should be removed from the jury's consideration on Count One. In addition, since Count Four is entirely dependent on Fairmount Funding, the government has failed to prove federal jurisdiction on Count Four.

18 U.S.C. § 1344 requires that the fraud be of a "financial institution". 18 U.S.C. § 20 defines financial institution for purposes of Title 18. Fairmount Funding is not a financial institution. It is true that the First Circuit has held "that it is also unnecessary for the government to prove that a defendant knows which particular bank will be victimized by his fraud as long as it is established that a defendant knows that *a* financial institution will be defrauded." *United States v. Brandon,* 17 F.3d 409, 426 (1994). In the case at bar Fairmount Funding was the lender. There is no evidence that the defendant knew any other institution would be defrauded. The government's claim that the reference in *Brandon* to "a financial institution" does not mean such an institution as defined in Title 18 is simply wrong, see 18 U.S.C. § 20.

Respectfully submitted,
By his attorney,

/s/ Robert Sheketoff
Robert L. Sheketoff
One McKinley Sq.
Boston, MA 02109
(617) 367-3449
BBO # 457340

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.           ) | Crim. No. 04-10066-MEL |
| ) | |
| JAMIE EDELKIND ) | |

**REQUEST FOR JURY INSTRUCTIONS**

1. While the government does not have to show the alleged scheme or material misrepresentation was directed *solely* toward a particular institution, it must show that the defendant knowingly executed a fraudulent scheme or made a material misrepresentation that exposed a federally insured bank to a risk of loss. See *United States v. Brandon*, 17 F.3d 409, 426 (1994).

2. While it is unnecessary for the government to prove that a defendant knows which particular bank will be victimized by his fraud, the government must show that a defendant knows that *a* financial institution will be defrauded. See *United States v. Brandon*, 17 F.3d 409, 426 (1994).

3. Section 20 of Title 18 defines financial institutions as relevant here as federally insured banks.

Respectfully submitted,
By his attorney,

*/s/ Robert Sheketoff*

Robert L. Sheketoff
One McKinley Sq.
Boston, MA 02109
(617) 367-3449
BBO # 457340