UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 04-10066-MEL |
| ) | |
| JAMES EDELKIND,   ) | |
| ) | |
| defendant.   ) | |

UNITED STATES' RESPONSE TO
PRO SE PETITION FOR WRIT OF ERROR CORAM NOBIS

The United States, by its undersigned counsel, responds as follows to the latest pro se submission by defendant Jamie Edelkind, filed on June 5, 2006. This document is captioned "Defendants: Writ of Error Coram Nobis." Edelkind continues to be represented by counsel. Accordingly, for the reasons detailed in the United States' Response to Pro Se Request for Recusal (Mar. 9, 2006) (Dkt. #127), this pleading – like Edelkind's other pro se submissions – should be stricken.

Alternatively, the court could simply deny Edelkind's motion without prejudice to appropriate filings by counsel. That is the approach most recently adopted by the Court of Appeals in response to Edelkind's pro se submission to that Court:

> As defendant is represented by court appointed counsel on these appeals, and as counsel has briefed the issue underlying defendant's pro se petition for writ of prohibition, we decline to consider defendant's pro se filing on the merits and deny it without prejudice to appropriate filings by counsel.

Order of Court, United States v. Jamie Edelkind, Nos. 05-2125, 05-2228 (1st Cir. May 22, 2006).

There is, in any event, no basis for this Court to entertain a petition for Writ of *Coram Nobis* in this case. There is plainly an available avenue – the pending appeal – for Edelkind to seek redress of his claims of trial and sentencing error. Moreover, because Edelkind is currently in federal custody and contests the validity of his conviction and sentence, *coram nobis* relief is unavailable. The availability of *Coram Nobis* has been summarized as follows:

> As to the writ of *coram nobis,* "this writ came into being when appellate review was unavailable or severely limited in criminal cases, and when the writ of *habeas corpus* was available only to test the court's jurisdiction." [*United States v. Bush,* 888 F.2d 1145, 1147 (7th Cir. 1989).] In light of the existence of 28 U.S.C. §§ 2254 & 2255, collateral review of judgments is no longer so limited. **Therefore, contemporary *coram nobis* matters only when custody expires.** *Id.* (citing *U.S. v. Morgan,* 346 U.S. at 512, 74 S.Ct. 247). Hence, the writ of *coram nobis* has been described and considered by courts as an "unusual legal animal that courts will use to set aside a criminal judgment of conviction only 'under circumstances compelling such action to achieve justice.' " *Hager v. U.S.,* 993 F.2d 4, 5 (1st Cir.1993) (citing *Morgan,* 346 U.S. at 511, 74 S.Ct. 247).

Tran v. United States, 45 F.Supp.2d 157, 160 (D. P.R. 1999) (emphasis added).

In the event the Court wishes to consider Edelkind's submission on the merits, the United States seeks leave to supplement this response.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated: June 12, 2006

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
KRISTINA BARCLAY
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

CERTIFICATE OF SERVICE

      I hereby certify that on this date this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). In addition, a paper copy will be sent to:

      Jamie Edelkind
      c/o SMPCC
      437 West Mills Ave.
      Breaux Bridge, LA 70517

dated: June 12, 2006

      /s/ Paul G. Levenson
      PAUL G. LEVENSON