# United States Court of Appeals
## For the First Circuit

Nos. 05-2125, 05-2228

UNITED STATES OF AMERICA,

Appellee,

v.

JAMIE EDELKIND,

Defendant, Appellant.

Before

Boudin, <u>Chief Judge</u>,
Torruella and Dyk,[*] <u>Circuit Judges</u>.

ORDER ON REHEARING

Entered: October 31, 2006

Edelkind has filed an able petition for rehearing and suggestion for rehearing en banc that has been quite useful to the panel. In this instance the petition does warrant alterations in the opinion but does not alter the original result. Because the result is the same no response for the government has been sought. On the count 4 conviction, the petition fairly points out that not only the verdict form but also the <u>initial</u> instructions identified Fairmont as the defrauded party. We conclude that the curative instruction effectively corrected this error, although it failed to identify Lehman Brothers as the allegedly defrauded party. The colloquy surrounding the objection that prompted the curative

---

[*]Of the Federal Circuit, sitting by designation.

instruction shows that--far from seeking a further clarification of the instructions or a revision of the verdict form to identify Lehman Brothers as the allegedly defrauded party--defense counsel sought to omit reference to Lehman Brothers in the curative instruction.

The failure to seek further clarification may well have been sound strategy but, whether deliberate or not, it means that review is for plain error only. The evidence makes it impossible to show, as case law requires, that the jury would likely have found Lehman Brothers not to be defrauded if the instructions and verdict form had been clarified further. We are amending the opinion to spell this out with greater clarity.

As to forfeiture, our earlier decision resolved the statutory issue under the plain error doctrine, saying that "when the forfeiture was ordered, [Edelkind] did not object either on substantive or procedural grounds." Defense counsel now points out in the petition for rehearing that, as his opening brief claimed, he did file an objection to the government's motion for <u>preliminary</u> forfeiture, making the argument against forfeiture now advanced on appeal.

What the petition does not mention is that when the judge at sentencing came to consider the question of adopting the forfeiture judgment, the judge said that "there is no legal question that forfeiture will be required. I haven't heard the defense counsel argue to the contrary." Defense counsel then replied: "I think we are out of it at this point, Your Honor." Nevertheless, partly because the merits issue may arise again (even though the statutory amendment decreases the likelihood), we have concluded that the decision should be revised to resolve the merits issue and have done so in the amended opinion.

The decision issued on September 13, 2006 is withdrawn and a decision entered this day substituted. The petition for rehearing is otherwise denied, without prejudice to a petition for

rehearing addressed to the new decision.

It is so ordered.

By the Court:

**RICHARD CUSHING DONOVAN**

_____
Richard Cushing Donovan, Clerk

[Certified copies to Hon. Morris E. Lasker and Ms. Sarah A. Thornton. Copies to Mr. Liston, Ms. Barclay, Ms. Chaitowitz, Mr. Levenson, Mr. Viveiros & Mr. Wales.]