UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>JAMES EDELKIND,    )<br>)<br>defendant.    )<br>) | CRIMINAL NO. 04-10066-MEL |

UNITED STATES' RESPONSE TO LETTER OF MAY 1, 2007

The United States, by its undersigned counsel, responds as follows to the Court's letter, dated May 1, 2007, in connection with the above-captioned matter.

It appears from the enclosures to the Court's letter that Defendant seeks some kind of an amendment or modification to the Judgment in this case.

Specifically, Defendant seeks to obtain credit toward his sentence in this case for the time he spent in prison for his earlier conviction in Georgia. He asks "that the 12 month and 1 day of detention relative to the Georgia matter be fully credited in aggregate to the matter before your Court." Letter, dated April 23, 2007, Jamie Edelkind to Lasker, J.

The Judgment in this case provides, "That this sentence be served concurrently with the sentence imposed in the Court of Atlanta, Georgia." Judgment, July 13, 2005 (Dkt. 66).

This language in the Judgment does not support the notion that this Court could somehow aggregate the sentence in this case with a sentence that had -- at the time of sentencing -- already

been discharged.  As a matter of law the Court could not impose a sentence of imprisonment to run "concurrently" with a sentence that had already been served.[1]

The issue is governed by Title 18, United States Code, Section 3584(a), which provides that terms of imprisonment <u>may</u> run concurrently, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment . . . ."  In this case, the critical precondition is absent.  At the time of sentencing, Edelkind was <u>not</u> subject to any "undischarged term of imprisonment."  On the contrary, he had already completed his Georgia sentence.  There <u>was</u> no ongoing Georgia sentence of imprisonment to run concurrently with the term imposed in this case.

What Edelkind actually seeks is not any "concurrence" of prison terms.  Rather, he seeks to reduce the 60 month sentence imposed by the Court in this case, by the amount of time he spent in prison on the Georgia charge.  He seeks not merely to have the sentences run concurrently, but to "aggregate" the sentences.  As a matter of law, this is not permissible under Section 3584(a).  Indeed, in the context of prisoners' claims for "good time" credit, the courts have repeatedly rejected such requests.  <u>See</u> <u>United States v. Leaphart</u>, 98 F.3d 41, 44  (2d Cir. 1996) ("Because the first sentence expired before the second sentence was imposed, the two sentences cannot be aggregated.") (citing <u>Abrahams v. Rodgers</u>, 691 F.2d 87, 88 (2d Cir.1982) (aggregation cannot occur retroactively by a sentence subsequently imposed).

While the Court's reference to the Georgia sentence turned out to be superfluous, the obvious intent was to ensure that, if Edelkind had any time left to serve on his Georgia sentence, such remaining time would run concurrently with the sentence in this case.  If the Court had

---

[1] Defendant is doubtless entitled to credit for the time he spent in custody following the completion of his Georgia sentence (and prior to the entry of the judgment in this case).

intended to impose a sentence of less than 60 months [which seems to be the gist of Defendant's inquiry], it would surely have done so.

In any event, the case is now closed and this Court is without jurisdiction to alter the sentence it imposed.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

Dated: May 9, 2007

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that on this date this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to:

Jamie Edelkind
Fed. #11866-035
FMC Devens
POB 879
Ayer, MA 01432

Dated: May 9, 2007

/s/ Paul G. Levenson
PAUL G. LEVENSON