UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>　　　Plaintiff, </br></br>　　　v. </br></br> JAMIE EDELKIND, a/k/a </br> JAMES JOSEPH COHEN, </br></br>　　　Defendant. </br></br>　　　*and* </br></br> NORTH SHORE BANK </br></br>　　　Garnishee. | CASE NO. 1:04CR10066-001-PBS |

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER OF GARNISHMENT**

　　　The United States of America (hereinafter the "United States") submits the following memorandum in support of its Motion for Order of Garnishment directing the Garnishee, North Shore Bank, to disburse any funds in which the Defendant, Jamie Edelkind a/k/a James Joseph Cohen, holds a nonexempt interest, to the United States District Court for the District of Massachusetts to be applied to Defendant's outstanding judgment debt balance pursuant to 28 U.S.C. § 3205(c)(7).

**BACKGROUND**

　　　1.　　On July 12, 2005, the United States District Court for the District of Massachusetts entered a judgment against the Defendant for the sum of $3,298,597.45, plus accruing interest at the rate of 3.52 percent per annum.

　　　2.　　Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), the United States Attorney General is responsible for enforcing criminal monetary penalties such as fines and restitution. See 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). In furtherance of fulfilling

this responsibility, on March 17, 2022, the United States pursued enforcement against Defendan's assets by applying for a Writ of Garnishment against the Defendant's property held by the Garnishee, North Shore Bank, pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA").

3. On May 2, 2022, the Garnishee filed an Answer with the Court stating it has custody, control, or possession of funds belonging to the Defendant.

4. On August 29, 2023, the Court set a deadline of September 15, 2023, for any and all interested parties to object to the various garnishment proceedings commenced by the United States against certain property interests held by the Defendant.

5. No responses have been docketed or received.

## ARGUMENT

As stated above, pursuant to the MVRA, the United States Attorney General is responsible for enforcing criminal monetary penalties such as fines and restitution. See 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). The MVRA sets forth certain procedures for the collection of criminal fines. See 18 U.S.C. § 3613(a). Pursuant to 18 U.S.C. §§ 3613(f) and 3664(m)(1)(A), all provisions available for the enforcement of fines is also available for the enforcement of restitution.

Specifically, the MVRA provides that:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that–
>
> > (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the

>   Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;[2]
>
>   (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
>   (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

The MVRA further provides that the imposition of a criminal fine or order of restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." See 18 U.S.C. § 3613(c); see also United States v. Hyde, 497 F.3d 103, 107 (1st Cir. 2007) (an order of restitution is, in effect, a tax lien against all of the Defendant's property); United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006) (criminal fines and restitution should be enforced in the same manner as a federal income tax liability; the MVRA creates an exception to ERISA's anti-alienation provision for enforcement of fines and restitution orders); United States v. Novak, 476 F.3d 1041, 1049 (9th Cir. 2007) (the MVRA contains language nearly identical to that concerning tax levy).

Pursuant to 28 U.S.C. § 3205 of the FDCPA, the United States filed an application for Writ of Garnishment in furtherance of enforcement of the criminal fine or order of restitution owed by the Defendant. 28 U.S.C. §§ 3205(a)-(c). After issuance and service of the Writ on the

---

[2] These items include wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of trade, business, or profession; unemployment benefits; undelivered mail; annuity or pension payments under the Railroad Retirement Act; benefits under the Railroad Unemployment Insurance Act; special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll; and annuities based on retired or retainer pay for the military under 10 U.S.C. § 1431, et seq.; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under the Job Training Partnership Act. 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12).

Defendant and the Garnishee, and with no objection or assertion of a claim for exemption and request a hearing made within the required time period, the United States requests that the Court promptly enter an order directing the Garnishee as to the disposition of such property. 28 U.S.C. § 3205(c)(7).

## CONCLUSION

WHEREFORE, the United States of America respectfully requests that the Court enter an Order of Garnishment directing that property subject to the previously issued Writ be disbursed by the Garnishee to the Clerk of the United States District Court for the District of Massachusetts for application towards the Defendant's outstanding judgment debt.

                                                Respectfully submitted,

                                                UNITED STATES OF AMERICA
                                                By its attorneys

                                                JOSHUA S. LEVY
                                                Acting United States Attorney

By:   /s/ Brendan T. Mockler
        BRENDAN T. MOCKLER
        Assistant United States Attorney
        One Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
        brendan.mockler@usdoj.gov

Date: October 10, 2023